BROWN, STATE LAND COMMISSIONER, v. CLARA V. GREEGAN.

[62 South. 11.]

JUDGMENT. *Parties.* *Concluded.* *Code* 1906, *section* 2927.

> Where the land commissioners of the state issued a patent to
> certain lands and the patentee through mesne conveyance also
> obtained a deed to certain other lands, the source of title being
> a patent issued by the land commissioner, and such patentee
> brought ejectment against the parties in possession of such
> lands and on judgment being rendered against him in the cir-
> cuit court, appealed to the supreme court where the judgment
> of the lower court was affirmed because of his failure to perfect
> a bill of exceptions. Such judgment was not *res judicata* in a
> suit by the patentee against the state, to recover the purchase
> money, since under Code 1906, section 2927 so providing, "where
> title to public land sold by the state fails, the state should
> refund the purchase money, but that the question of failure of
> title could only be determined in a suit filed in the county in
> which the land was situated, making the land commissioner a
> party."

APPEAL from the chancery court of Leflore county.
HON. M. E. DENTON, Chancellor.

Suit by Clara V. Greegan against M. A. Brown, State
Land Commissioner. From a judgment for plaintiff, de-
fendant appeals.

The appellee and her vendors, through whom she
claims, obtained by patents from the state title to cer-
tain lands in Leflore county, Mississippi. Finding other
parties in possession of said lands, appellee filed eject-
ment suits, which were consolidated and tried in the cir-
cuit court. On the trial the court sustained a motion to
exclude plaintiff's evidence, which was sustained, and a
peremptory instruction given the jury to return a ver-
dict for the defendants. From this judgment an appeal
was prosecuted to the supreme court, where, on motion
of the defendants, the stenographer's notes and bill of

exceptions were stricken from the record, and thereafter the judgment of the circuit court was affirmed.

Afterwards appellee brought suit in the chancery court of Leflore county against the state land commissioner to recover the purchase money paid by her for said lands. Her suit was based upon section 2927 of the Code of 1906, which provides as follows: "If the title to any public land sold by the state through the auditor or land office shall fail, or shall have failed, the state shall refund the purchase money to its vendee or his heirs or assigns, and if no profits have been received from said lands, then all taxes shall be returned also, and all fees paid, with interest at six per centum per annum; but the question of failure of title can only be determined, except as hereinafter provided, in a suit filed in the county in which the land is situated, and the land commissioner shall be made a party to every such suit."

On the trial of the instant case in the chancery court, appellee recovered judgment for the amount paid by her, and the land commissioner appealed. It is contended by the land commisioner that the record shows a perfect title in the state at the time the patents were issued, and that there appellee's title was paramount, and that she should have recovered judgment in the ejectment suit in the circuit court, and that it was negligence on her part that a bill of exceptions was not perfected, so that on appeal to the supreme court it was stricken from the record, thus necessitating an affirmance of the judgment of the circuit court; that the judgment of the circuit court is not *res adjudicata* as to the present suit, since the state was not a party to the ejectment suit, and nothing was adjudicated so far as the state is concerned.

*Frank Johnston,* assistant attorney-general, for the State.

The only question presented in the case for the decision of the court is whether Mrs. Greegan was under

duty to defend the suit, and second, whether, having failed to defend the suit in a proper manner, being prejudiced in the suit by the negligence of her attorney, she can recover the purchase money from the state on the conveyance in the state's deed.

As an independent question, I will remark at the outset that Mrs. Greegan's title was a good and perfect and paramount title to the land. This court has held distinctly that the convenantor in a deed containing covenants of warranty is not required to defend a suit brought against the covenantee, but that the vendee is under duty himself to defend the suit. There is a conflict of authorities among the different states in regard to this question. In some it is held that the covenantor is bound to defend a suit at his own expense; there are others holding the contrary doctrine, and the latter is the rule that has been adopted by this court, it being expressly decided that the covenantor is not under duty to defend the suit, and that the full measure of damages is the recovery of purchase money with interest thereon upon the eviction of the purchaser or vendee by a proper judgment of a court.

The duty thereupon resting upon Mrs. Greegan to defend the suit, I respectfully submit that she was required by legal principles of government and obligation to use proper diligence in the defense of this suit, and that where she has lost the former suit by negligence, and for want of proper presentation of the suit, and where her title is clearly a valid and paramount one, she is not entitled to recover the purchase money back from the state. The general principle of law on this subject is announced in Cyclopedia of Law and Procedure, and is as follows:

"A covenantee cannot recover any damages which could have been prevented or avoided by reasonable diligence on his part, and he owes it to the covenantor so to conduct himself as to make the damages as little as possible. 11 Cyc., page 1122, sec. (c).

I respectfully submit the question therefore to the court as to whether Mrs. Greegan is entitled to recovery back of the purchase money.

*Lomax & Tyson,* for appellee.

It is of no moment, so far as the merits of the present suit is concerned, whether or not judgment in the ejectment suit went against Mrs. Greegan because of the negligence of her attorneys in failing to properly have the stenographer's notes and bill of exceptions made a part of the record in the supreme court. The ejectment suit was tried and determined by a court of competent jurisdiction, and its judgment rendered therein was absolutely conclusive as to the rights and remedies of Mrs. Greegan relative to the title to the lands purchased by her, or her vendors, from the state of Mississippi; and the judgment was beyond question, such a "failure of title" to the lands sold to Mrs. Greegan by the state of Mississippi, as entitled her to receive, from the state, under section 2927 of the Code of 1906, the purchase money thereof, together with interest thereon at six per cent. per annum, and all taxes.

Even should it be conceded that Mrs. Greegan herself, or through her vendors, received a good title from the state, yet it is nevertheless true that, by a judgment, rendered by the highest court in the state, an agency of the state government itself, this title has failed; and whether this failure of title was by reason of intrinsic weakness in the chain of title itself, or by reason of the failure of attorneys, employed by Mrs. Greegan, to properly prosecute her suit, should certainly have no effect on her right to recover in the case at bar. Should such a rule, as is contended for by counsel for appellant be laid down, there could be no good reason why any judgment rendered by a court of competent jurisdiction should be closed to attack where it could be shown that the judgment rendered would have been otherwise, had

it not been for the lack of skill, or the positive misman-
agement of attorneys in the conduct of the case.

Mrs. Greegan employed, as her legal representatives
in the ejectment suit, attorneys, who were sworn and li-
censed officers of the courts of this state, and in doing
so she exercised all the diligence which could be required
of her, and was justified in placing entire reliance upon
their management of the case. If it was by an act of
omission or commission on the part of such officers of the
courts of the state that Mrs. Greegan was loser in her
ejectment suit, the state should nevertheless return her
the money received from her as the purchase price of
these lands.

Counsel for appellant relies upon the proposition that
the records in the ejectment suit shows that Mrs. Gree-
gan should have had judgment therein, and that the
error of the lower court, in rendering judgment against
her, would have been rectified by the supreme court, had
it not been for the negligence of the attorneys of Mrs.
Greegan in handling the case on appeal. This then con-
cedes that there was no negligence, until the case was
taken beyond the jurisdiction of the circuit court and
brought within the jurisdiction of the supreme court.

Now if it be supposed that Mrs. Greegan, for some
reason, had not appealed from the judgment of the cir-
cuit court, in the ejectment suit, the argument that she
should be held accountable for the negligence of her at-
torneys could not be made here, since such negligence, if
there was any, was committed after the appeal had re-
moved the case beyond the jurisdiction of the circuit
court. We might then consider the question of what
effect failure to appeal, on the part of Mrs. Greegan,
from the judgment rendered against her in the ejectment
suit, would have upon her right to receive the purchase
money sued for in the case at bar; and we confidently
assert that, had she so failed to appeal, she would still
be entitled to recover in this case just as much so as she

is now entitled, after having taken her appeal, in the ejectment suit, to the supreme court. The judgment of the circuit court in the ejectment suit, unappealed from, would have furnished just as substantial a basis for her suit in the case at bar, as is furnished by the judgment rendered by the supreme court in said ejectment suit. This is a just and equitable rule since there are many possible cases in which it would be a hardship to hold that an appeal to a court of final resort would be essential in order to sustain an action of this kind. Suppose, for instance, that after the rendition of the judgment in the ejectment suit against Mrs. Greegan she had found it impossible to make bond for appeal to the supreme court, could it be said that it was her imperative duty to so appeal in order to avail herself of the benefit of section 2927 of the Code of 1906? We think not, for this would be requiring of her that she do a thing, which was impossible of accomplishment.

On this question we cite Eleventh Cyc. 1135 which states "in actions founded on covenants broken it has been held that defendants could not set up, by way of defense, the failure of the covenantee to appeal from an adverse decision," which expression in the text is sustained in the citation in the "footnotes." 11 Cyc., 1135; *Butler* v. *Watts*, 13 La. Ann. 390. We submit that the decree of the lower court should be affirmed.

COOK, J., delivered the opinion of the court.

The land commissioner of the state issued a patent to appellee for certain lands in Leflore county. Appellee, through *mesne* conveyances, also obtained a deed to certain other lands in said county; the source of title being a patent issued by the land commissioner. Finding other persons in possession of the lands, she instituted an action in ejectment against them, losing her suit in the circuit court, and on appeal this court affirmed the judgment of the lower court. She then filed a bill of com-

plaint against the land commissioner, setting up the pro-
ceedings in the ejectment suit, showing the failure of her
title to lands, and asked that the deeds from the land com-
missioner be canceled and her money refunded, with in-
terest.   She claimed that the state had no title to the
lands, and that the ejectment suit was *res judicata* of that
fact.

We think that the record shows a perfect title in the
state.  This case does not come within the exceptions of
section 2927 of the Code of 1906, and the judgment in the
ejectment suit in the circuit court did not adjudicate
anything so far as the state is concerned.  If the original
suit had been a proceeding in the chancery court to can-
cel the patent, the decree of that court might be *res
judicata* in proceedings to cancel the title, wherein the
land commissioner is made a party.

The decree of the chancery court is reversed, and the
bill dismissed.

*Reversed.*