# Southern Ry. Co. v. Parkes.

## Damage for Killing Stock.

(Decided April 23, 1914.   65 South. 202.)

1. *Railroads; Injury to Stock; Burden of Proof.*—Under section 5476, Code 1907, a plaintiff makes out a prima facie case by showing that the injury to his stock was done by defendant's locomotive or cars, and the burden is then shifted to the railroad company to acquit itself of negligence, unless the presumption of negligence is rebutted by plaintiff's evidence.

2. *Same; Lookout.*—A railroad company is under the duty to keep a lookout for stock on the track, and to frighten them away from the right of way if in dangerous proximity thereto.

3. *Same; Evidence.*—The evidence in this case examined and held sufficient to sustain a finding that the hog was killed on account of the negligence of the employees of the railroad.

4. *Witnesses; Impeachment; Own Witness.*—Unless the testimony of a party's witness amounts to a surprise, or entraps such party, he cannot impeach his own witness; but he may contradict the evidence of his witness by independent evidence showing facts to be different from those testified to by him, although the witness is thereby incidentally discredited.

5. *Appeal and Error; Harmless Error; Instruction.*—Where a plaintiff is entitled to the affirmative charge, even if a witness's testimony was true, it was harmless error. to refuse an instruction that such witness, though defendant's employee, was plaintiff's witness, and plaintiff vouched for his testimony and was bound by it.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by T. E. Parkes against the Southern Railway Company for damages for killing a hog. Judgment for plaintiff and defendant appeals. Affirmed.

LAWRENCE E. BROWN, for appellant.   The defendant was entitled to the general charge on account of the variance.—*Ashman v. State,* 63 South. 754; *C. of Ga. v. Simmons,* 43 South. 731.   The affirmative charge should have been given also for the reason that there was no evidence to show that the hog was the property of plain-

tiff, or that it was killed as a result of the negligence of defendant's employees.—*So. Ry. v. Hoge,* 141 Ala. 351; *Wes. Ry. v. McPherson,* 146 Ala. 427.

JOHN W. TIMBERLAKE, for appellee. No brief reached the Reporter.

THOMAS, J.—Section 5476 of the Code, among other things, provides that, "when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof in any suit brought therefor is on the railroad company to show a compliance with the preceding sections and that there was no negligence on the part of the company or its agents." The plaintiff, in an action against the railroad company for damages for such killing or injury, makes out a prima facie case by showing that the killing or injury was done by the locomotive or cars of the defendant. The burden is then shifted to the defendant to acquit itself of negligence, unless the presumption of negligence is rebutted by the plaintiff's own evidence in proving the killing or injury.—*O'Rear v. Manchester Lumber Co.,* 6 Ala. App. 463, 60 South. 462.

In the present case the plaintiff, appellee here, introduced the depot agent of defendant railroad company, appellant here, and proved by him that defendant's freight train killed the hog, to recover damages for which the action was brought. After such proof, the witness was turned over to defendant's counsel for cross-examination, who drew out of him the statement that he noticed the hog coming down by the side of the freight train as the train was pulling out from the station at Stevenson, and that the hog ran in between the wheels, and its head was chopped off. A reason-

able inference may also be drawn from the testimony of this witness to the effect that the accident occurred on November 24, 1911, the date alleged in the complaint. Two other witnesses were introduced by plaintiff, whose testimony was in substance to the effect that the hog was killed by defendant's freight train mentioned, and that the track along there was straight. No explanation was asked of or given by them as to how the accident occurred. There was also evidence introduced by plaintiff as to the value of the hog, and evidence from which it could reasonably be inferred that the hog killed was the property of plantiff. This was substantially all of the evidence, except that defendant introduced in evidence the answers of plaintiff to interrogatories propounded to him under the statute, wherein he stated in effect that he was not present and did not see the accident, but stated the date of its occurrence to be October 24th. The court refused the general affirmative charge requested by defendant, and its counsel here insists that this was error, predicating the insistence upon the contention that there is a variance between the allegations and proof as to the time of the killing of the hog, and upon the further contention that there is no evidence showing that the hog killed was the property of plaintiff, and upon the further contention that the testimony of plaintiff's witness, defendant's depot agent, on cross-examination, which was not contradicted, showed that the killing was not the result of any negligence on the part of defendant or its employees.

There is no merit in the first contention, because, even if the date of the accident was material, the reasonable inference to be drawn from the testimony of the depot agent is that it occurred on November 24, 1911, the date alleged in the complaint, and not on October

24th, as stated by plaintiff in his answers to the interrogatories propounded by defendant.

There is likewise no merit in the second contention, because there is also evidence in the record from which the jury could well infer that the hog killed was the property of plaintiff.

Nor was there merit in the third contention, because, granting as true everything stated by the agent on cross-examination as to how the accident occurred, the defendant could still be negligent. It does not appear that there was any looking out by the operatives of the train for animals on the track, or in dangerous proximity thereto, at the time of starting the train, nor but what the dangerous proximity thereto of the hog killed was actually known or could have been known in time to have run it away from the track and avoided running over it. It| is the duty of the railroad company to keep a lookout and to frighten away stock in dangerous proximity to the track, as well as to run them off of the track, or from dangerous proximity thereto.— *E. T., V. & G. R. Co. v. Watson,* 90 Ala. 41, 7 South. 813; *Wes. Ry. Co. v. Lazarus,* 88 Ala. 453, 60 South. 877.

It does not appear that the hog was hidden from view before, and that it suddenly came in dangerous proximity to the track. For aught appearing, it was near it when the train started off from the station, and could have been frightened away before the train started.

The court also properly refused the following charge requested by defendant: "The witness Enochs [defendant's depot agent mentioned in the opinion], though an employee of the defendant, is here plaintiff's witness, and the plaintiff vouches for his giving a true account of the accident, and plaintiff is bound by his testimony." The charge is not a correct statement of the law.

The rule is that "a party cannot impeach a witness whom he has introduced, unless it is shown that he has been entrapped by such witness, or unless the testimony of the witness amounts to a surprise."—40 Cyc. 2559, 2560. But it is equally true that: "A party has a right to contradict his own witness by independent evidence showing the facts to be different from those testified to by such witness, although the incidental effect of the introduction of such evidence is to materially discredit the witness; but a party cannot contradict his own witness where the only effect of the contradiction is to impeach the witness, and not give any material evidence upon any issue in the case."—40 Cyc. 2767, 2768. Even if it were error to have refused the charge there was no injury in doing so, because, even taking the version of the accident as given by the witness named, the plaintiff was entitled to the affirmative charge, since it did not, as shown, rebut the presumption of defendant's negligence, and since defendant itself offered no evidence to do so.

As we find no error in the record, the judgment is affirmed.

Affirmed.