[Southern Railway Co. v. Hartman.]

# Southern Railway Co. *v.* Hartman.

*Killing Animals.*

(Decided April 15, 1915.  68 South. 557.)

1. *Railroads; Animals on Track; Burden of Proof.*—Under the evidence in this case, which is stated, the burden was cast on defendant, under the express provision of section 5476, Code 1907, to show that the killing of the animal was not negligent.

2. *Same; Affirmative Charge.*—Plaintiff's evidence having made out a prima facie case, in such sense as to cast the burden on the defendant to acquit itself of negligence, and defendant offering no evidence to discharge this burden, plaintiff was entitled to have a verdict directed for it.

3. *Appeal and Error; Harmless Error; Instructions.*—Where the plaintiff is entitled to the affirmative charge any error in ruling on instructions requested by the defendant is harmless.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by J. W. Hartman against The Southern Railway Company for damages for killing animals. Judgment for plaintiff and defendant appeals. Affirmed.

LAWRENCE E. BROWN, for appellant. The court erred in charging that the burden of proof was on the defendant to show that there was no negligence.—*L. & N. R. R. Co. v. Christian Co.,* 150 Ala. 390; *Same v. Mertz & Co.,* 149 Ala. 561; *B. R. L. & P. Co. v. Landrum,* 153 Ala. 192. The operatives in charge of the engine should not be required to keep a lookout inconsistent with their other duties.—*Green v. Brady,* 153 Ala. 386; *R. R. Co. v. Campbell,* 158 Ala. 438. The killing was an unavoidable accident, and the defendant was entitled to the affirmative charge.—*Southern Ry. Co. v. Hoge,* 141 Ala. 351.

BOULDIN & WIMBERLY, for appellee. Under the express provisions of § 5476, Code 1907, the burden was cast on the defendant to acquit itself of negligence, and the defendant offering no evidence, the plaintiff was entitled to the affirmative charge.—*I. C. R. R. Co. v. Bottoms,* 1 Ala. App. 302; *Southern Ry. Co. v. Parks,* 10 Ala. App. 318. Where a plaintiff is entitled to and receives affirmative instructions, any error in ruling on requested instructions of a defendant is harmless.

PELHAM, P. J.—The action is by the appellee (plaintiff) to recover damages of the appellant (defendant) for killing a horse. The facts are without conflict in the evidence, and show that the animal was killed at 7 o'clock in the morning by one of the appellant's east-bound passenger trains about one quarter of a mile east of a station on the line of appellant's railroad called Woodville. From Woodville to the point where the horse was struck and killed, the track is straight. The appellant's right of way is fenced in on both sides of the track where the injury occurred, the fences running parallel to, and on each side of, the track, about 20 feet distant from the track. The horse was on the inside of the inclosed part of the right of way grazing, when the train was approaching Woodville at the rate of about 15 miles an hour, and was on the opposite side from the engineer. As the train came up, the animal "commenced running ahead of it a little piece" along the right of way, and close to the track for some 25 or 30 yards, when, upon reaching a creek that crossed the right of way at that point, the animal turned and ran upon the track just in front of the engine and was killed. The train did not stop or slacken its speed, and the whistle was not blown. It is not shown that any effort was made to frighten the animal away, or that

anything else was done by those in charge of the train to prevent the injury, although it is made to appear from the evidence that the horse ran alongside of, and within less than 20 feet of, the track for 25 or 30 yards just in front of the engine, which was going at the rate of only about 15 miles per hour.

The evidence made out a prima facie case for the plaintiff, which cast the burden of proof on the defendant to show that the killing was not negligent.—Code, § 5476; *Ex parte Southern Ry. Co.*, 181 Ala. 486, 61 South. 881.

We do not think the evidence offered by the plaintiff rebutted the presumption of the defendant's negligence, and, the defendant having offered no evidence to meet the presumption and discharge this burden, the plaintiff was entitled to the general charge requested in writing in his behalf. See *Southern Ry. Co. v. Parks*, 10 Ala. App. 318, 65 South. 202.

Even if the court was in error in its rulings on the charges made the basis of the assignments of error, it was without injury, since the plaintiff was entitled to the general affirmative charge.—*Jones Cotton Co. v. Snead, et al.*, 169 Ala. 566, 53 South. 988.

Affirmed.