# Southern Railway Co. *v.* Blankenship.

### Killing Stock.

(Decided June 3, 1915. Rehearing denied July 19, 1915.
69 South. 591.)

1. **Railroads; Killing Stock; Burden of Proof.**—The evidence examined and held to justify the inference that the animal was killed by a train of defendant, and hence to place upon defendant the burden of proving its freedom from negligence under § 5476, Code 1907.

2. **Limitation of Action; Time; Evidence.**—Where the animal was last seen alive near the railroad tracks of defendant sometime between the middle of July and the 1st of August, and it appeared that the summons in the action for the killing of the animal was dated July 15th, of the year following, and the record did not show when the complaint was filed, a finding that the suit was filed within twelve months from the killing of the animal, was justified.

3. **Trial; Objections to Evidence; Sufficiency.**—An objection that a question called for immaterial and irrelevant testimony did not raise the issue that the question was leading.

4. **Railroads; Killing Animal; Evidence.**—It was competent for plaintiff to show that the railroad company maintained a crew whose business it was to bury the carcasses of animals killed by its train, in connection with testimony that the section foreman told plaintiff where he could find the buried carcass of the animal, and that following his directions plaintiff found the carcass.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Action by A. L. Blankenship against the Southern Railway Company, for damages for killing a cow. Judgment for plaintiff and defendant appeals. Affirmed.

STOKELY, SCRIVNER & DOMINICK, for appellant. JEROME T. FULLER, for appellee.

BROWN, J.—The plaintiff adduced evidence showing that he owned a milch cow in 1912; that the cow was last seen alive near the railroad tracks between the middle of July and the 1st of August, 1912; that about three weeks thereafter the carcass of the cow was found buried on the right of way of the defendant's railway in a cut near the end of the cross-ties; that her legs were all broken, and it looked like she had been stricken and run over by a train; that the defendant maintained a section crew, who went over this part of the road daily, and it was the duty of this crew to bury the carcasses of animals killed by the trains; that the foreman of the crew told plaintiff where the carcass of the cow could be found buried. The evidence shows that the defendant operated trains over this road daily during the month of July and August, 1912, and that the Louisville & Nashville Railroad Company ran one daily passenger train each way over the defendant's tracks. The plaintiff also offered evidence which showed the value of the cow, and while the record does not show when the complaint was filed in the justice court, it shows that the summons bears date July 15, 1913, and the oral charge of the court, which was reduced to writing and incorporated in the record, states that the suit was commenced July 16, 1913. The defendant offered no proof, but was content to submit the case on the evidence adduced by the plaintiff.

(1) We are of opinion that the only rational inference afforded by the evidence is that the animal was stricken and killed

by a locomotive on the railway of the defendant, and that the case is brought within the influence of section 5476 of the Code, casting upon the defendant the burden of acquitting itself of negligence in causing the death of the cow.—*N., C. & St. L. Ry. Co. v. Bingham*, 182 Ala. 640, 62 South. 11; *O'Rear v. Manchester Lumber Co.*, 6 Ala. App. 461, 60 South. 462; *Southern Ry. Co. v. Hartman*, 12 Ala. App. 483, 68 South. 557. It is true that the evidence offered by the plaintiff was purely circumstantial, but it is apparently the best and only evidence available to him. If the cow was killed by one of the defendant's locomotives, the fact was one peculiarly within the knowledge of its agents and servants; and if they were not guilty of negligence in operating or handling the train, this could have been easily shown. If, on the other hand, the cow was not stricken by the defendant's locomotive, but was killed by a locomotive or car belonging to and operated by the Louisville & Nashville Railroad Company over the defendant's road, this was likewise a fact within the knowledge of the defendant's servants and agents. In other words, the condition here developed shows the cause prompting the enactment of the statute and demonstrates its wisdom. The purpose of the law is to afford a remedy for every wrong, and if under the conditions shown in this case the plaintiff is required, not only to show that the animal was killed by a locomotive or car on the defendant's railway, but to go further and point out the particular locomotive or car that killed the animal, such holding would result in defeating a just recovery in many cases, while, on the other hand, if the animal was not killed by the defendant's locomotive or car, it is matter that can be easily shown by the defendant.—*Great Western Ry. Co. v. Bacon*, 30 Ill. 347, 83 Am. Dec. 199.

(2) The evidence was also sufficient to authorize a finding by the jury that the suit was commenced within 12 months from the time the cow was killed, and justified the court in submitting the case to the jury.

(3) While the question to the plaintiff eliciting testimony as to whether the cow was killed within a year previous to the trial of the case in the justice court was leading, it was not subject to the objection urged that it called for immaterial and irrelevant evidence, and the court properly overruled this objection.

(4) In connection with the testimony of the plaintiff that the section foreman told him where he would find the carcass buried,

[Birmingham Ry., L. & P. Co. v. Smith.]

and that following his directions plaintiff found her, it was competent to show that the defendant maintained a crew on this section of its track, whose duty it was to bury carcasses of animals killed by the defendant's trains, and no error is shown in this respect.

What we have said indicates that the court's action in refusing the written charges made the basis of assignments of error 5 and 6 were free from error.

Affirmed.