THOMAS *v.* SOUTHERN RY. CO.

[74 South. 121, Division B.]

RAILROADS. *Killing animals. Negligence. Question for jury.*

Under Ala. Code 1907, sections 5473-5476, providing that an engineer, on perceiving any obstruction on the track, must use all means within his power known to skilful engineers to stop the train, and that a railroad company is liable for all damages done to persons or stock resulting from its engineer's failure to

comply with such section, and that when an inquiry occurs, the railroad has the burden of showing the absence of negligence. Where in a suit for damages for the killing of a cow by defendant's train, the engineer testified that he could not have stopped after seeing the object which he struck, which he did not know was plaintiff's cow or not; such evidence was insufficient to exonerate the defendant and a peremptory instruction for the defendant railroad company should not have been given.

Appeal from the circuit court of Tishomingo county. Hon. Claude Clayton, Judge.

Suit by J. W. Thomas against the Southern Railway Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*W. T. Burnett,* for appellant.

It is not disputed that the cow of the appellant was found on the right-of-way of the appellee about fifteen feet from the track on the morning of the 6th or 7th of January, 1915.

It is not disputed that at the time that the said animal was found that both her horns were broken off, both her hind legs were broken and the cow otherwise bruised.

It is not disputed also that there were signs on the railroad track causing witnesses to believe that the cow had been struck about twenty feet from where she lay and her body hurled down the dump of appellee's road, and that the cow was buried under the direction of the section foreman of the appellee. This undoubtedly made a *prima-facie* case against the appellee and placed upon appellee the burden of showing that there was no negligence on the part of the company or its agents. (See Civil Code of Ala. 1907, Volume 11, section 5476.) Appellee endeavored to meet this burden of proof by the testimony of its engineer, who stated that he was on train number forty-two that went East on the night of January 5, 1915, somewhere about the

hour of two o'clock in the morning, and that at the
place where the said cow was killed his train struck
some object, he did not know what and he made no
effort to avoid the accident, ·did not apply his emer-
gency brake or blow his whistle.

We submit that the appellee did not meet the burden
of proof as required by the statute and that the case
should have gone to the jury. We respectfully submit
the case should be reversed.

*Earl King* and *W. H. Kier,* for appellee.

Appellant in its brief, so far as the record of this
case is controlled by law of the state of Alabama, and
appellee respectfully submits that this cannot be done
for the first time on appeal to this court.

The pleadings in this case do not show that the law
of Alabama is relied upon as governing in this case,
nor do such pleadings show that the killing of this cow
in question is alleged to have been in the state of Ala-
bama, and the record does not show at any place, that
the law of Alabama was ever pleaded, relied upon, or
proven.

There can be no question as to the identity of the
cow, which was killed and it is clear that the engineer,
witness for the defendant, which is the appellee here,
testifies with reference to the circumstances of the
killing of the very cow for which this suit was brought.

The circumstances as to the killing of the cow in
controversy, as revealed by the testimony of appellee's
locomotive engineer has been shown and appellee has
met the burden placed upon it by the law under what is
known as our *prima-facie* statutes making a showing of
the stock lying maimed and killed beside the railroad
track *prima-facie* evidence of defendant's negligence
in the operation of trains and cars, but when the defend-
ant has shown that nothing could be accomplished even
by the exercise of the highest degree of caution, the

defendant is exonerated and cannot be held liable. The defendant in this case shows by uncontradictory testimony that the cow came onto its tracks from thirty to fifty yards ahead of its train and that it would have been impossible to have stopped the train in that distance. *Y. & M. V. R. R. Co.* v. *Jones,* 71 So. 309.

The facts in this case just above cited, are identical to the facts in the case at bar, and we believe that our position is further sustained by the following decisions: *Y. & M. V. R. Co.* v. *Wright,* 78 Miss. 125; *Cantrell* v. *Railroad,* 69 Miss. 435; *Railroad* v. *McNeal,* 61 Miss. 434; *Railroad* v. *Miller,* 40 Miss. 45.

Even should this court hold that the law of Alabama is applicable and should govern in this case, the action of the lower court in granting a peremptory instruction was correct and will be affirmed, by this court. *Montgomery L. & T. Co.* v. *Woods,* (Ala.), 70 So. 119; *So. Rwy. Co.* v. *Blankinship,* (Ala.), 69 So. 591; *So. Rwy. Co.* v. *Hartman,* 68 So. 557, 12 Ala. App. 318. We, therefore, respectfully submit that this case should be affirmed by this court.

ETHRIDGE, J., delivered the opinion of the court.

J. W. Thomas filed suit against the Southern Railway Company in the circuit court of Tishomingo county for killing a cow belonging to the plaintiff, valued at sixty dollars. The proof for the plaintiff showed that the cow was killed by the train of the railroad company just across the line of Alabama, and the law of Alabama covers the liability in this case. The proof showed that the cow had her horn knocked off, her hind legs broken, was otherwise bruised, and was found by the railroad track in this condition; that she was buried by the section crew of the railroad company. There were no eyewitnesses introduced by the plaintiff, and the plaintiff relied on the killing by the train to prove his claim. When the plaintiff rested its case the railroad company introduced R. B.

Taylor, the locomotive engineer, to exculpate itself of negligence in the killing. He testified he was going east on the night of the 5th of January, the date the killing was shown to have occurred, and that just after they passed Bear Creek Bottom, over in Alabama, he hit an object but did not know what it was. It was colored white. He was asked how far ahead was the object when it appeared on the track, and answered that, at the speed he was going, "I judge thirty to fifty yards." He was then asked the question, "Would it have been possible for you to have stopped in that distance?" and answered: "No, sir; not going the speed I was." He stated: That he did not know whether it was Mr. Thomas' cow he struck or not; that he hit something; he didn't know what it was; "just a bulk of some kind." He was then asked, "A man going as fast as you were going, on a dark night, can't always tell what he has hit?" and answered, "No, sir." Asked as to the time, he stated it was about two-thirty in the morning. This was all the proof introduced to exculpate the defendant, and on this proof the trial court gave a peremptory instruction, which is assigned as error.

We think it was error for the trial court to give the peremptory instruction, under the law of Alabama. See Code of Alabama 1907, sections 5473 and 5476; *Southern Ry. Co.* v. *Parkes,* 10 Ala. App. 318, 65 So. 202, and authorities there cited; *Southern Ry. Co.* v. *Blankenship,* (Ala. App.), 69 So. 591. The concluding sentence of section 5473, Code of Alabama 1907, reads:

"He (the engineer) must also, on perceiving any obstruction on the track, use all the means within his power, known to skillful engineers, such as applying brakes and reversing engine, in order to stop the train."

Section 5476, Code of Alabama, reads:

"Railroad Liable for Injuries; Burden of Proof.—A railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure to comply with the requirements of the three pre-

ceding sections, or any negligence on the part of such company or its agents; and when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad, the burden of proof, in any suit brought therefor, is on the railroad company to show a compliance with the requirements of such sections, and that there was no negligence on the part of the company or its agents.''

In the case of *Southern Ry. Co.* v. *Parks*, supra, 10 Ala. App. page 321, 65 So. page 203, it is stated:

''It is the duty of the railroad company to keep a lookout and to frighten away stock in dangerous proximity to the track, as well as to run them off of the track, or from dangerous proximity thereto.''

We think the proof on the part of defendant in this case fails to meet the requirement of the law of Alabama, and the cause is therefore reversed and remanded.

*Reversed and remanded.*