(86 South. 121)

### BROWN v. GRAYSON. (8 Div. 700.)

(Court of Appeals of Alabama. June 1, 1920.)

1. EVIDENCE ⬤➡354(14) — LEDGER ACCOUNT TRANSCRIBED FROM DAYBOOK HELD NOT ADMISSIBLE.

Ledger entries of an account beginning with an item, "Balance $83.84," followed by dates setting forth charges and credits, but no items, the charges simply being designated "Mdse.," were not admissible in evidence, under Code 1907, § 4003, where bookkeeper testified that entries were taken from daybook, on which memorandum was entered by salesman at time of sale; the daybooks not being preserved.

2. APPEAL AND ERROR ⬤➡1031(3)—ADMISSION OF INCOMPETENT EVIDENCE IN ACTION TRIED TO COURT RAISES PRESUMPTION OF INJURY.

Where a cause is tried by the court without a jury, the admission of illegal evidence raises a presumption of injury, and requires a reversal, unless the remaining evidence is without conflict and is sufficient to support the judgment.

3. APPEAL AND ERROR ⬤➡1050(1)—PERMITTING LEDGER ACCOUNT TO BE INTRODUCED WITHOUT SUFFICIENT EVIDENCE TO SUSTAIN IT HELD HARMFUL.

In action on an account stated, tried by court without a jury, the admission in evidence of a ledger account prepared by bookkeeper without knowledge of correctness of entries was prejudicial error, where remaining evidence was conflicting.

Appeal from Circuit Court, Madison County; Robt. C. Brickell, Judge.

Assumpsit by R. N. Grayson against J. S. Brown. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The action was for merchandise sold by the plaintiff to the defendant, but alleged by the defendant not to have been purchased by him, or by any one authorized to act for him.

Cooper & Cooper, of Huntsville, for appellant.

The court erred in admitting the testimony of the bookkeeper and in rendering judgment for defendant. 118 Ala. 246, 24 South. 80; 63 Ala. 601; 198 Ala. 102, 73 South. 430; 203 Ala. 280, 82 South. 530.

Taylor & Watts, of Huntsville, for appellee.

No brief reached the Reporter.

SAMFORD, J. [1] On the trial the bookkeeper of plaintiff testified:

"The entries in that ledger are in my handwriting. I obtained the information from which these entries were made from what we called the daybook. Three copies were made of these entries; two being carbon copies. Two tickets were sent out with the goods, and one was kept by the purchaser and one by the salesman, and one of the two sent to the purchaser was signed by him and returned to the store and kept on file as record, and the entry which is made on the ledger was taken from the copy signed by the purchaser. The entries on the daybook were made by the salesman, and, as I have stated, were transferred by me to the ledger. The salesman made the entries on the daybook at the time he made the sale. The books were not preserved, as they were simply kept as a memorandum. The ledger contains the first permanent entries that were made in this transaction."

The plaintiff then, over the objection and exception of defendant, introduced in evidence the account on the ledger down to May 8, 1914. This account began with an item, "Balance, $83.84," followed by dates setting forth charges and credits, but no items; the charges simply being designated "Mdse." The evidence in this case does not meet the requirements of Code 1907, § 4003, so as to permit the ledger account to be introduced in evidence. Stewart Bros. v. Harris, Cortner & Co., 6 Ala. App. 518, 60 South. 445; Loveman, Joseph & Loeb v. McQueen (Sup.) 82 South. 530.[1] Whether the courts of this state will ever extend the rule to meet the customs and usages of modern business, as is indicated by Judge Freeman in his note to Union Bank v. Knapp, 3 Pick. (Mass.) 96, 15 Am. Dec. 181, and followed in many cases in other states (the decisions being collated in Loveman, Joseph & Loeb Case, supra), without further legislation on the subject, is to be doubted; but we are sure it will never extend, either by decision or legislation, to ledger accounts, merely indicating totals, made by bookkeepers having no knowledge of the correctness of the transactions between the parties.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[2] 203 Ala. 513.   [1] 203 Ala. 280.

[2, 3] All of the questions affecting the liability of the defendant were in dispute, both as to the account and to the account stated; the plaintiff affirming and the defendant denying at every point. Under this state of the case, we might presume as to the correctness of the conclusion of the trial court, on the legal evidence, notwithstanding the error above pointed out, but for the holding in First National Bank of Talladega v. Chaffin et al., 118 Ala. 246, 24 South. 80, Brandon v. Progress Distilling Co., 167 Ala. 365, 52 South. 640, and Shriner v. Meyer, 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103, where the rule is held to be, as stated by Mr. Justice Sayre in the Brandon Case, supra:

"We have settled down to the holding that, where a cause is tried by the court without a jury, the admission of illegal evidence raises a presumption of injury and requires a reversal, unless the remaining evidence is without conflict and is sufficient to support the judgment."

We might quote further from the Brandon Case, as being applicable to the case at bar, that:

"In this case all things were in dispute, the evidence was in conflict, and it is hard to say, on consideration of the report of it in the record, ón which side it preponderates. We cannot know how far the trial court was influenced in the findings of fact by the evidence erroneously admitted."

It follows that the judgment must be reversed, and the cause remanded.

Reversed and remanded.