(93 South. 212)

**MARTIN v. STATE. (8 Div. 951.)**

(Court of Appeals of Alabama. May 30, 1922.)

1. Witnesses ☞258—Testimony from memorandum as to car burglarized held insufficient.

In a prosecution for burglary of a railroad car, where a witness testified that he had no independent knowledge of the number of his train, nor that the car charged to have been burglarized was part thereof, but only knew it from a record he made, which he did not testify was true and correct, neither the memorandum nor the testimony of the witness was admissible.

2. Criminal law ☞517(4)—Confession held improperly admitted, where no proof of corpus delicti.

In a prosecution for burglary of a railroad car, where there was no proof of the corpus delicti, it was improper to admit defendant's confession.

3. Criminal law ☞836—Charges refused will not be considered, where not signed or marked "Refused."

In a prosecution for the burglary of a railroad car, refusal of written charges will not be considered, where not signed or marked "Refused," as required by law.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Joe Read Martin was convicted of burglary from a railroad car, and appeals. Reversed and remanded.

Thomas W. Wert, of Decatur, for appellant.

The witness having no independent knowledge of the fact, it was error to permit him to testify from a record. 168 Ala. 658, 53 South. 241. Counsel discusses other matters, but he cites no additional authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was tried and convicted under an indictment which charged him with the burglary of a railroad car with intent to steal.

[1] Applying the rule laid down in the cases of B. R., L. & P. Co. v. Seaborn, 168 Ala. 658, 53 South. 241, Home Ins. Co. v. Adler, 71 Ala. 527, and Snodgrass v. Caldwell, 90 Ala. 323, 7 South. 884, to the testimony of the witness Neal, his evidence should have been excluded, on the objection and motion of the appellant. He testified that he had no independent knowledge that his train was No. 77, nor that L. & N. car No. 50448, the car alleged to have been burglarized, was a part of his train; that he only knew it from a record he made. Neither did he testify that the record so made was true and correct. The evidence being in this shape, neither the memorandum nor the testimony of the witness could go before the jury.

[2] This testimony being excluded, there was no evidence in the case as to the burglary of this car; the other witnesses having testified as to a different car. There being no proof, therefore, of the corpus delicti, the confession of the defendant was improperly admitted over the timely objection and exception of the appellant. Ryan v. State, 100 Ala. 94, 14 South. 868; Winslow v. State, 76 Ala. 42; Colquitt v. State, 61 Ala. 48.

[3] The written charges, that appellant contends were refused to him, cannot be considered, for the reason that they are not signed, or marked "refused," as is required by law. Sharpley v. State (Ala. App.) 93 South. 210;[1] Wimberly v. State, 204 Ala. 629, 86 South. 900.

For the errors pointed out, the judgment appealed from must be reversed.

Reversed and remanded.