(98 South. 315)

## MOBILE & O. R. CO. v. BORDEN COAL CO.
## (6 Div. 282.)

(Court of Appeals of Alabama.   Oct. 30, 1923. Rehearing Denied Dec. 4, 1923.)

1. Railroads ⬖446(3)—Fact of injury to mule by train or locomotive held for jury.

Where plaintiff's mule was found to have been injured and was traced to a point on the railroad track where the circumstances proved indicated it had been injured by a locomotive, the fact of injury by train or locomotive was a question for jury.

2. Railroads ⬖441(1) — Burden of proof on owner of animal to show train causing injury was operated by defendant.

Though circumstances proved indicated that a mule had been injured by a locomotive on a railroad track, the burden was on plaintiff to show that the locomotive or train was being operated by defendant, who was not the owner, or under its authority, before presumption of negligence, under Code 1907, § 5476, would arise.

3. Evidence ⬖318(4)—Evidence of train dispatcher based on reports held hearsay.

Evidence of the S. Co.'s train dispatcher that the only train passing along its track at the time of an injury was one owned and being operated by M. Railway Company, when the only information he had from which he made his record was dispatch reports from telegraph operators, was hearsay and inadmissible against the latter company.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by the Borden Coal Company against the Mobile & Ohio Railroad Company for damages for injury to a mule. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

Evidence as to the time of arrival or departure of trains, when based entirely on telegraphic reports received by a witness, is mere hearsay and inadmissible. Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 South. 530; Brown v. Grayson, 17 Ala. App. 463, 86 South. 121; Martin v. State, 18 Ala. App. 537, 93 South. 212. The evidence in this case showed there was no negligence on the part of defendant, and the general affirmative charge should have been given at its request. Mobile Light & R. R. Co. v. Roberts, 192 Ala. 486, 68 South. 815; Southworth v. Shea, 131 Ala. 419, 30 South. 774; Tinney v. Central of Ga. R. R. Co., 129 Ala. 523, 30 South. 623.

Ray & Cooner and Leith & Powell, all of Jasper, for appellee.

Evidence by the dispatcher as to the time of arrival and departure of trains, when based on telegraphic reports made by agents, is admissible. Shirley v. So. Ry. Co., 198 Ala. 102, 73 South. 430; M., J. & K. C. R. R. v. Hawkins, 163 Ala. 565, 51 South. 37; South Brilliant C. Co. v. McCollum, 200 Ala. 543, 76 South. 901; Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 South. 530; Jordan v. State, 16 Ala. App. 51, 74 South. 864; Stearnes v. Edmonds, 189 Ala. 487, 66 South. 714. The evidence in this case was properly admitted to the jury for its determination, and the court did not commit error in refusing the general affirmative charge asked by appellant. N., C. & St. L. Ry. v. Bingham, 182 Ala. 640, 62 South. 111; So. Ry. Co. v. Osborne, 16 Ala. App. 138, 75 South. 694; O'Rear v. Manchester Lb. Co., 6 Ala. App. 461, 60 South. 462; I. C. Ry. Co. v. Bottoms. 1 Ala. App. 302, 55 South. 260; So. Ry. Co. v. Blankenship, 14 Ala. App. 261, 69 South. 591; L. & N. Ry. Co. v. Hayward, 201 Ala. 9, 75 South. 22; Ex parte So. Ry. Co., 181 Ala. 486, 61 South. 881; So. Ry. Co. v. Penney, 164 Ala. 188, 51 South. 392.

SAMFORD, J. [1, 2] The plaintiff's mule left the corral, was gone about 45 minutes, and on its return was found to have been injured in the manner described in the complaint. It was tracked and traced to a point on the track of the Southern Railway, where the circumstances proven indicated it had been injured by a locomotive running on that track. The facts proven made the fact of injury by a train or locomotive on the track of the Southern Railway a question for the jury. So. Ry. Co. v. Hudson, 16 Ala. App. 271, 77 South. 421; So. Ry. Co. v. Blankenship, 14 Ala. App. 261, 69 South. 591. The cases above cited were based upon the assumption that trains and locomotives running on the track were presumed to be operated by the owner of the track. In the case at bar, while, from the facts proven, the jury might conclude that plaintiff's mule was injured by a locomotive or train on the track of the Southern Railway Company, the burden would still rest upon plaintiff to reasonably satisfy the jury that the locomotive or train that caused the injury was being operated by the defendant, the Mobile & Ohio Railroad Company, or under its authority, before a presumption of negligence under section 5476 of the Code of 1907, as against the defendant.

[3] In attempting to discharge this burden, the plaintiff was permitted to prove by the records of the train dispatcher of the Southern Railway Company that the only train passing along this particular part of the track of the Southern Railway Company, at the time of the injury complained of, was a locomotive and train owned and being operated by defendant. The only information the train dispatcher had from which he made his record was the dispatch reports from telegraph operators along the line of the Southern Railway, and as to the independent facts he had no knowledge. In Shirley v. So. Ry., 198 Ala. 102, 73 South. 430, the witness testified:

"Said pay roll was made by me, and no other person had anything to do with keeping or making it. * * * The information shown in and on said pay roll is correct."

And in the opinion in the Shirley Case the court said. in passing on the question of the admissibility of the pay roll:

"It was not made to appear to the trial court that the entrant Adams did not have personal knowledge of the facts entered on said pay roll, nor that said pay roll was compiled by him from oral or written reports made by some other transactor who knew the facts reported."

The case of M. J. & K. C. R. R. v. Hawkins, 163 Ala. 565, 51 South. 37, has no application here. South B. C. Co. v. McCollum, 200 Ala. 543, 76 South. 901, decides an entirely different question and is based on the decision in the Shirley Case, supra.

We are not convinced that a record of the movement of trains kept by a train dispatcher is a "book of account," in such sort as to be governed by section 4003 of the Code of 1907. Be that as it may, an entry in the record of the receipt of a dispatch might be evidence that the dispatch was received and of its contents, but would not be the best evidence of the truth of its contents. But, even as applied to book accounts, in Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 283, 82 South. 530, 533, the court said:

"It is, we think, sufficiently clear that the statute does not change, and was not intended to change, the pre-existing requirement of our common law that the party making the entries must have had personal knowledge of the transactions entered by him, in order to render his entries admissible as independent evidence, without corroborating proof of their correctness."

That is what the Supreme Court held in the Shirley Case, supra; that is what this court held in Brown v. Grayson, 17 Ala. App. 463, 86 South. 121, and Martin v. State, 18 Ala. App. 537, 93 South. 212. Under any aspect, the best evidence of the facts sought to be proved as to the running of defendant's train over the tracks of the Southern Railway Company is by some one who knew. The testimony of the train dispatcher, based upon the reports of other agents of the Southern Railway Company, was res inter alias acta, hearsay, and inadmissible. If the suit was against the Southern Railway Company and the plaintiff was seeking to prove an admission of the defendant, another question would be presented; but even in that

case the train dispatcher's record, having been made up from telegraphic reports of subordinates, is admissible only, under the rule, when accompanied by the testimony of such subordinates that it represents truly what had transpired, combined with that of the train dispatcher that the entry was truly entered. 10 R. C. L. p. 909, par. 63.

The case is not one for the affirmative charge, but facts necessary to reasonably satisfy the jury that the defendant was running a train along the track of the Southern Railway Company at the place where the mule was struck at the time of the injury must be shown by competent evidence.

The rulings of the court on the trial were not in accord with the foregoing views, and for the reasons given and errors pointed out the judgment is reversed, and the cause is remanded.