# Taylor *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Selling liquor without license; ownership of liquor need not be in seller.*—Under a special statute making the sale of spirituous, vinous or malt liquors a misdemeanor, the actual ownership of the liquor sold is immaterial; a sale which passes title to the liquor as between the parties to the contract is within its terms.

2. *General charge; when proper to be given for the State.*—The general charge may be given at the request of the State in a criminal case, but to give it is of doubtful propriety, and it should never be given where there is any evidence upon which a verdict of acquittal could be based, or where the facts in evidence pointing to guilt rest in inference only.

3. To recall the jury after their retirement, for the purpose of giving further instructions is within the discretion of the court.

APPEAL from the County Court of Bibb.

Tried before the Hon. M. H. THOMPSON.

The facts are stated in the opinion.

LOGAN & VAN DE GRAFF, for appellant, cited, *Pilgreen v. State,* 71 Ala. 368; *Morgan v. State,* 81 Ala. 72; *Amos v. State,* 73 Ala. 498; *Coker v. State,* 91 Ala. 92; *Pelham v. State.*

CHARLES G. BROWN, Attorney General, and W. II. LAVENDER, *contra.*

SHARPE, J.—A special statute, approved February 28, 1881 (Acts 1880-81, p. 187) makes the sale of spirituous, vinous or malt liquors in Bibb county a misdemeanor. A sale completed which passes title to the liquor as between the parties to the contract is within

its terms. The sale of such intoxicating liquors is the mischief intended by the law-makers to be suppressed and the act of selling without regard to the ownership of the seller comes within the spirit as well as the letter of the prohibition.

The only tendency of the evidence called for by the questions to witnesses whereto objections were sustained and likewise of writing taken as the statement of the absent witness Lilze was to show that defendant was not the owner of the whiskey he was charged with selling. The sale *vel non* being the question at issue, such evidence was immaterial.

Some conflict appears in the testimony as to the circumstances attending the transactions, but there is none as to the fact that a sale was made by the defendant as charged in the indictment. The defendant himself testified to effect that he gave Parker a pint of whiskey, stating at the time that it was not his and that a few minutes thereafter Parker expressed doubt as to whether he could get whiskey to replace, whereupon he told Parker he could pay him for it and that he, defendant, would replace the whiskey and that he then accepted from Parker thirty-five or forty cents in payment for the whiskey.

This was not the creation of an agency in defendant to replace liquor like the transaction considered in *Amos v. The State,* 73 Ala. 498. It appears that the result of the second thought, if not of the first intention, was strictly a sale.

In the absence of conflicting testimony to the fact of guilt a charge affirmative of guilt predicated upon the belief of the testimony by the jury may be given, though this court has reiterated that such a charge is of doubtful propriety as against a defendant in a criminal case, and should never be given where there is any evidence upon which a verdict of acquittal could be based, or where the facts in evidence pointing to guilt rest in inference only.

In view of uncontradicted evidence touching the defendant's guilt, and of the conclusive character imparted to it by the admissions in court of the defendant, we cannot say that there was error either in the giving of the

written charge requested by the solicitor, or in the refer-
ence thereto by the court upon the recall of the jury.   To
recall the jury after their retirement for the purpose of
giving further proper instructions is within the discre-
tion of the trial court.—*Cooper v. State,* 79 Ala. 54.
    Affirmed.