# George *v.* The State.

## *Murder.*

[DECIDED APRIL 28, 1906, 40 So. REP. 961.]

1. *Criminal Law; Homicide; Evidence.*—A declaration by deceased, that he was cut, was admissible, although he did not state who cut him.

2. *Homicide; Evidence; Threats.*—Threats made by defendant, general in character, having no reference to deceased, were inadmissible against him.

3 *Same; Self Defense; Charges.*—A charge asserting that an assault with the hand or fist never justifies the use of a deadly weapon, is erroneous.

4. *Same.*—A charge "that an assault with the hand or fist never justifies or excuses homicide under ordinary circumstances and it is for the jury to decide whether the facts in a particular case are within the ordinary reason or not, is a correct abstract proposition of law.

5. *Criminal Law; Instructions Argumentative.*—A charge that the jury may take into consideration the relative weight, age, size and physical condition of the two combatants in determining the imminence of peril of defendant, is argumentative and gives undue prominence to certain facts.

6. *Homicide; Self Defense; Charge*—A charge not predicated upon defendant's not entering into the difficulty willingly, although the other elements of self defense are stated, is properly refused.

7. *Same; Felonious Assault.*—If the other elements of self defense existed, and deceased had made threats against defendant, which .ad been communicated to him, he had a right to act upon any hostile demonstration or overt act which led him to the honest belief that he was in imminent peril, although such hostile or overt act did not amount to a felonious assault.

[George v. The State.]

Appeal from Monroe Circuit Court.

Heard before Hon. John T. Lackland.

The defendant was indicted and tried for the murder of one Packer by cutting him with a knife. On the trial witness Dinkins was permitted to testify, over the objection of defendant, that immediately after the difficulty deceased ran to where he was, fell, and was bleeding, and said that he had been cut. The witness Sylvester was permitted to testify, over the objection of the defendant, that about two weeks before the killing he met the defendant at Claiborne, and defendant told him that if they did not quit bothering him about a pasture down on the Torrey place there was going to be trouble. On cross-examination witness stated that Warren Dinkins was the only person that defendant spoke of as giving him trouble about the pasture, and that defendant did not mention the deceased's name. Whereupon the defendant moved the court to exclude the testimony of the witness Sylvester. The court refused the motion, and defendant excepted.

The defendant requested the court to give the following written charges: Charge 1. "Gentlemen of the jury, I charge you that an assault with the hand or fist never justifies or excuses a homicide under ordinary circumstances, and it is for you to decide whether the facts in this case are within the ordinary reason or not." Charge 2. "Gentlemen of the jury, you may look to the relative size of the defendant and the deceased, their respective ages and weight and physical condition in drawing your conclusion that the defendant was or not at the time of the fatal difficulty, in imimnent danger of loss of life, or was exposed to grievous bodily harm." Charge 3. "Gentlemen of the jury, I charge you that, if you believe the defendant was free from fault in bringing on the difficulty, and had no reasonable means of escape, and was in iminent danger of his life, or was exposed to great bodily harm, then he had the right to anticipate his assailant and strike the fatal blow."

At the request of the defendant the court gave the following charge: "The court charges thejury that prior communicated threats made by the deceased

[George v. The State.]

against the defendant have a tendency to make the defendant take more prompt and decisive measures to protect himself." After giving the charge, the court qualified it as follows: "Provided, gentlemen of the jury, you believed that the deceased was making a felonious assault upon the defendant at the time he struck the fatal blow." The defendant excepted to the qualification made by the court.

The defendant was convicted of manslaughter in the first degree, and sentenced to imprisonment in the penitentiary for a term of five years.

BAYLES & HYBART, for appellant.—The court erred in refusing to give charge 3—*Holmes Case*, 23 Ala. 17; *Oliver's case*, 17 Ala.——; *Wilkin's case*, 98 Ala. 1; 25 Am. & Eng. Ency. Law, (2 ed.) 264, 283; 21 Am. & Eng. Ency. Law (2 ed.) 228.

The court erred in charging the jury that a blow from the hand or fists never justifies the use of a deadly weapon.—25 Am. & Eng. Ency. Law (2 ed.) 264; *Davis v. State*, 152 Ind. 34; 71 Am. St. Rep. 322; *Holme's case*, 23 Ala. 17.

The court erred in forcing defendant to trail without his witness Johnson.—Art. 1 Sec. 6 Constitution 1901.

The court erred in allowing the witness, Daniels to testify to threats made by the defendant.—*Redd v. State*, 68 Ala. 492; *King v. State*, 89 Ala. 149; *Henson v. State*, 120 Ala. 320.

The court erred in permitting testimony of Sylvester to go to the jury.—Authorities next above. See also *Caddell v. State*, 129 Ala. 63.

MASSEY WILSON, Attorney General, for State.—The question is not presented for review as to the action of the court in putting defendant on trial without his witness. The bill of exceptions does not show any action by the court.—*Walker v. State*, 117 Ala. 85.

Threats made by the defendant were admissible.

The court properly charged that a blow with the hand or fists never justifies the use of a deadly weapon. *Scales v. The State*, 96 Ala. 69.

Charge 1 refused to defendant is misleading. Charge 2 is an argument, and was held bad in *Hussey v. State,* 86 Ala. 34; *Smith v. State,* 88 Ala. 73; *Bancroft v. Otis,* 91 Ala. 279.

Charge 3 was faulty in not hypothesizing belief on part of defendant that he was in imminent danger, and it does not ·clearly state the doctrine of imminency of peril.—*Mitchell v. The State,* 133 Ala. 65.

The explanation of the charge given for the defendant by the court was correct. The assault must have been felonious else the threats could serve no purpose. *Rutledge v. State,* 88 Ala. 85; *Ragsdale v. State,* 134 Ala. 24; *Jones v. State,* 116 Ala. 468.

Under the evidence in this case the plea of self defense was in no wise sustained. The refusal of all the charges can be justified on the broad proposition that on the whole evidence the court might have instructed the jury that if they believed the evidence the defendant was guilty.—*Teague v. State,* 120, Ala. 309; *Anglin v. State,* 137 Ala. 17; *Gilmore v. State,* 141 Ala. 51.

ANDERSON, J.—The bill of exceptions does not disclose that an objection was made to the court's making defendant go to trial, or an exception to the action of the court.—*Walker v. State,* 117 Ala. 85, 23 South. 670.

The trial court committed no error of which the defendant can complain in permitting the witness to testify that deceased told him he was cut. He did not say defendant cut him; but, had he so stated, it would have been innocuous, as the undisputed evidence showed that defendant cut the deceased.

If the threats testified to by witness Sylvester were *prima facie* admissible on the direct examination, they should have been excluded upon the motion of the defendant, as the witness showed by his evidence on cross-examination that the threats had no reference to the deceased or any member of his family.

The trial court, in the oral charge, stated "that a blow from the hand or fist never justified the use of a deadly weapon." The law is that a blow from the hand or fist under ordinary circumstances, neither justifies

(George v. The State.)

nor excuses the use of a deadly weapon.—*Scales v. State,* 96 Ala. 69, 11 South. 121; *Davis v. State,* 152 Ind. 34, 51 N. E. 928; 71 Am. St. Rep. 322; *Strickland v. State,* 98 Ga. 84, 25 S. E. 908.

Charge 1, requested by defendant, asserted a correct abstract proposition of law, and should have been given.

Charge 2, requested by the defendant, was properly refused. It was argumentative and emphasized certain facts.—*Hussey v. State,* 86 Ala. 34, 5 South. 484; *Smith v. State,* 88 Ala. 73, 7 South. 52; *Bancroft v. Otis,* 91 Ala. 279, 8 South. 286, 24 Am. St. Rep. 904; *Gilmore v. State,* 126 Ala. 20, 28 South. 595.

Charge 3, requested by the defendant, was properly refused. If not otherwise bad, it pretermits not entering into the conflict willingly. He may have been free from fault in bringing on the difficulty; yet, if he entered into it willingly, he cannot invoke the doctrine of self-defense.

Without determining the correctness or not of charge 4, given at the request of the defendant, or sanctioning the action of the court in qualifying the same, the qualification was not a correct statement of the law. The defendant did not have to wait until a felonious assault was made upon him. If the other elements of self-defense existed, and the deceased had made threats against him, which had been communicated to him, he had the right to act upon any overt act or hostile demonstration, which may have led to the honest belief that he was in imminent peril, but which said act or demonstration may not have amounted to a felonious assault.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.