(86 South. 900)

**WIMBERLY v. STATE.** (6 Div. 948.)

(Supreme Court of Alabama. June 30, 1920. Rehearing Denied Nov. 6, 1920.)

**1. Criminal law ☞1170½(3)—Sustaining objection in effect rejection of question.**

Where court sustained defendant's objection to a question propounded to a witness, the effect was to reject the question, and, the question not being answered, there was nothing to be excluded.

**2. Criminal law ☞1170(4)—Exclusion of evidence harmless where subsequently introduced.**

Defendant could not complain that he was denied the right to introduce certain testimony on direct examination, where all the facts were subsequently developed in the examination of the witness on redirect examination.

**3. Criminal law ☞696(7)—Motion to exclude evidence partly inadmissible as hearsay properly denied.**

In a prosecution for homicide, where witness had been asked how long deceased's wife had been living with defendant, and had testified that they had moved to a certain place on the Saturday before the Monday on which the shooting occurred, immediately followed by volunteered statement that "She told me she moved there the Saturday before the shooting took place; the shooting took place on Monday, if I make no mistake; Monday after pay day;" the court did not err in refusing to exclude the last statement on the ground it was hearsay, because part of it was not hearsay.

**4. Criminal law ☞1169(2) — Admission of hearsay evidence held not rendered harmless.**

Where a witness testified, concerning wife of the deceased in a homicide case, "She told me she moved there the Saturday before the shooting took place," this was not rendered harmless by the fact that the witness had previously and subsequently testified to the fact as within her personal knowledge.

**5. Witnesses ☞262—Refusal to allow witness to be recalled held not error.**

In a homicide case where witness for state had testified that deceased's wife went off with the accused after the shooting of deceased, the court did not err in not permitting defendant to recall deceased's wife for the purpose of asking her whether or not she went off with accused immediately after the shooting, where she had on her previous examination testified that: "There were a good many people there when I left. I went to S. and caught the car. I did not see C. [defendant] again after that until I went to jail to see him."

**6. Criminal law ☞1088(16) — Comments or notes of clerk in transcript not considered.**

Clerk, in making up transcripts to be used on appeal as the records of the orders of a court and the proceedings of a trial, should never incorporate any matter or comment or notes of his own in the transcript, as he performs his entire duty when he transcribes the orders and judgments of the court as they are entered, together with such matter as is made a part of the record as prescribed by law, and his voluntary contributions to the transcript will not be considered.

**7. Criminal law ☞1088(11)—Duty of clerk to transcribe into record charge and indorsement of judge.**

In complying with Acts 1915, p. 815, it is the duty of the clerk to transcribe into the record or transcript for appeal the charge and indorsements of the judge thereon, and without the indorsement by the trial judge on the charges they are not a part of the record and will not be considered, unless made a part of the record by bill of exceptions.

On Rehearing.

**8. Criminal law ☞1110(8) — Certiorari ex mero motu to require certification of charges refused where useless.**

A writ of certiorari ex mero motu, to require the clerk of the trial court to properly certify as a part of the record charges refused to defendant, will not be awarded where it would be useless procedure; the court having examined the charges as they appeared in the record, and finding that they were properly refused, although the charges as appearing in the record were not properly indorsed by the trial judge.

**9. Criminal law ☞829(1)—Covered instructions properly refused.**

Court did not err in refusing charges to the defendant where they were covered by other charges given at the defendant's request.

Sayre, Somerville, and Brown, JJ., dissenting.

---

Appeal from Circuit Court, Jefferson County; F. Lloyd Tate, Judge.

Charles Wimberly was convicted of murder in the first degree, and he appeals. Affirmed.

Denson & Ivey and Murray & Hanna, all of Birmingham, and N. D. Denson & Sons, of Opelika, for appellant.

Where one party introduces immaterial evidence, the other party has the right to meet such evidence in refutation by evidence of a like kind. 1 Ala. App. 128, 55 South. 1024. The fact that, 30 days before defendant shot deceased, the deceased had shot at the defendant and threatened to kill him, was admissible. 177 Ala. 24, 59 South. 270; 181 Ala. 28, 61 South. 259; 13 Ala. App. 28, 68 South. 573; 5 Ala. App. 49, 59 South. 350. Counsel discuss charges refused; but, in view of the opinion, it is not deemed necessary to set it out.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Proof of threats is not admissible until there is some evidence tending to show self-defense. 191 Ala. 21, 68 South. 57. Questions not answered involve no error. 13 Ala. App. 79, 69 South. 333; 11 Ala. App. 211, 65 South. 850. There is no error in the other assignments of error as to evidence.

BROWN, J. The indictment is for murder in the first degree, and charges that the appellant, "Charlie Wimberly, unlawfully and with malice aforethought, killed John Jackson by shooting him with a pistol." The trial resulted in a conviction for murder in the first degree and the imposition of the death penalty. The case was tried before the amendment of the Jury Law by the act approved September 29, 1919 (Acts 1919, p. 1041); and the order of the court respecting the special venire for the trial was in strict compliance with the statutes then in force. Acts 1909, p. 319, § 32.

The evidence is without dispute that the said John Jackson is dead; that he died at St. Vincent's Hospital, in the city of Birmingham, on the 17th day of April, 1916; and there was evidence which authorized a finding by the jury that his death resulted from pistol shot wounds inflicted on his person by the appellant on the day of his death.

The theory of the prosecution, as developed by the evidence offered on the trial, is that appellant had alienated the affections of Jackson's wife, Mollie; that appellant and Mollie a few days before the homicide had moved into the community where the homicide was committed, and were then living together; that Jackson on the day of the homicide went to the house where appellant and Mollie were living and called Mollie out to talk with her, and while the deceased and Mollie were walking away from the house appellant followed them, and unlawfully and with malice aforethought shot Jackson with a pistol, inflicting the wounds which caused his death.

On the other hand, the appellant's contention is that on the day of the homicide Jackson and his wife came to appellant's house together; that Jackson then and there called appellant out of his house, provoked a difficulty with him, and assaulted or attempted to assault him with a razor, under circumstances justifying appellant in shooting Jackson in self-defense.

[1] The court sustained the appellant's objection to the question propounded to the witness Mollie Jackson by the solicitor on recross-examination, made the predicate for the fourth assignment of error, and the question was not answered. The effect of this ruling was to reject the question, and, the question not being answered, there was nothing to be excluded. Therefore the case of Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565, cited and relied on by appellant, is not pertinent.

[2] If it be conceded that it was permissible for the appellant to show the nature of the charge against the deceased, investigated before the witness Ray, as mayor of Lipscomb, and the result of such proceedings, still the appellant has no cause to complain that he was denied this right on the direct examination, as all the facts were subsequently developed in the examination of this witness on redirect examination.

[3, 4] The witness Rosa Keno, offered by the prosecution in rebuttal, in response to the solicitor's question, "How long had she [Mollie Jackson] been living with Charlie?" testified: "They moved there that Saturday when the shooting took place on Monday, and they had moved there where they were staying that Saturday." Immediately following this answer the witness volunteered the statement: "She told me she moved there the Saturday before the shooting took place; the shooting took place on Monday, if I make no mistake; Monday after pay day." The defendant moved to exclude this last statement on the ground, among others, that it was hearsay. The court overruled this motion, and the defendant reserved an exception to this ruling. In this the court committed error, and this error was not rendered harmless by the fact that the witness had previously and subsequently testified to this fact as within her personal knowledge. The effect of this ruling was to leave before the jury this hearsay testimony to bolster up and sustain the testimony of the witness as to a fact in reference to which the testimony in the case was in sharp conflict.

This witness further testified, in response-

to the question by the solicitor: "After this shooting took place I will ask you whether or not Mollie Jackson went off with Charlie Wimberly? A. Yes, sir; she went off with him." After this testimony was given the defendant was allowed to recall Mollie Jackson, who was asked by the defendant, among other questions: "Did you go off with Charlie Wimberly immediately after the shooting?" The objection of the solicitor on the ground "that defendant had been over that" was sustained by the court, and the defendant reserved an exception to this ruling. The witness Mollie Jackson, on her previous examinations, testified: "There were a good many people there when I left. I went to South Bessemer and caught the car. I did not see Charlie again after that until I went to jail to see him."

[5] While this testimony tended in some measure to rebut the positive statement of the witness Rosa Keno, yet it was subject to the interpretation in the light of Rosa Keno's testimony that Mollie had gone with the appellant to South Bessemer, and that she had not seen him after she left him in South Bessemer until she went to the jail. The court therefore committed error in sustaining the objection. It was the defendant's right to rebut statement of the witness Keno by the positive statement of this witness, and the mere fact that the defendant, testifying as a witness in his own behalf, was allowed to give testimony in rebuttal to the statement of the witness Keno did not render the error harmless.

The charges supposed to have been refused to the defendant are not set out in the bill of exceptions, but are incorporated in the record, preceded by the following statement by the clerk:

"*Refused Charges.*—The following charges were requested by the defendant, in the presence of the jury and before the jury retired, and were refused by the court, said charges being in writing, and being indorsed separately and severally, 'Refused, Tate, Judge,' and being in words and figures as follows, to wit."

[6] "Clerk, in making out transcripts to be used on appeal as the records of the orders of a court and the proceedings of a trial, should never incorporate any matter or any comment or notes of his own in the transcript. He performs his entire duty when he transcribes the orders and judgments of the court as they are entered," together with such matters as are made a part of the record as prescribed by law, and "the voluntary contributions to the transcript record by the clerk" will not be considered. Freider et al. v. B. Goodman Mfg. Co., 101 Ala. 242, 13 South. 423; Weaver v. Cooper, 73 Ala. 318.

[7] The statute provides that—

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written, and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto, which thereby becomes a part of the record. * * * In case of appeal the charges must be set out in the transcript in the following manner: (1) The charge of the court, (2) The charges given at the request of the plaintiff or state, * * * (4) The charges refused to the appellant. It shall not be necessary to set out the charges in the bill of exceptions or state thereon that an exception was reserved to the giving or refusing of charges requested, but it shall be presumed that each charge was separately requested and a separate exception reserved as to the giving or refusal thereof." Acts 1915, p. 815.

In complying with this statute it is the duty of the clerk to transcribe into the record or transcript for appeal the charge and the indorsement of the judge thereon. When this is done in the order prescribed by the statute his duty is performed, and if the evidence is made a part of the record by bill of exceptions the record thus made up properly presents for review the questions raised by the given and refused charges; but without the indorsement by the trial judge on the charges they are not a part of the record and will not be considered (Mason v. State, 16 Ala. App. 405, 78 South. 321), unless made a part of the record by bill of exceptions (Ex parte Mobile Lt. & R. R. Co. v. Thomas, 201 Ala. 493, 78 South. 399).

A majority of the court, consisting of the Chief Justice and Justices McCLELLAN, GARDNER, and THOMAS, hold that the court did not err in overruling the defendant's motion to exclude the statement of the witness Rosa Keno that "She told me she moved there on the Saturday before the shooting took place; the shooting took place on Monday, if I make no mistake; Monday after pay day;" for the reason that only a part of this statement was hearsay, and the motion to exclude was addressed to the entire statement, a part of which was material and competent. The majority likewise hold that the objection of the solicitor to the question asked Mollie Jackson, "Did you go off with Charlie Wimberly immediately after the shooting?" was properly sustained. As to all other questions they concur in the opinion. Justices SAYRE and SOMERVILLE concur in the opinion.

The result is that the judgment of conviction will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, GARDNER, and THOMAS, JJ., concur.

SAYRE, SOMERVILLE, and BROWN, JJ., dissent.

### On Rehearing.

BROWN, J. [8, 9] On the suggestion of counsel for appellant that a writ of certiorari should be awarded ex mero motu to require the clerk of the circuit court to properly cer-

tify as a part of the record the charges refused to defendant, we have examined the charges as they now appear in the record and find that the charges refused to the defendant were properly refused, either because they were bad or were covered by other charges given at the defendant's·instance; and no reversible error would be shown if the charges were properly certified, and made a part of the record. Therefore it would be a useless procedure to award the writ.

The other questions presented by the application for rehearing have been re-examined, and we see no reason to change the conclusion as announced in the original opinion.

The application for rehearing is therefore overruled.

ANDERSON, C. J., and McCLELLAN, GARDNER, and THOMAS, JJ., concur.

SAYRE, SOMERVILLE, and BROWN, JJ., dissent.