(90 South. 75)

## Ex parte SHIREY.

### SHIREY v. STATE.

(6 Div. 456.)

(Supreme Court of Alabama. June 9, 1921.)

1. Criminal law ⬅1012—Filing of brief and certificate of delivery to opposing counsel on application for rehearing in Court of Appeals condition precedent to petition for certiorari under Practice Rules.

Petition for certiorari to the Court of Appeals, under rule 42 (198 Ala. xiv, 77 South. vii), requiring an application to be first made in that court for rehearing, will be denied when it affirmatively appears that rule 38 (198 Ala. xiii, 77 South. vii), requiring filing of brief and certificate of counsel that copy of such brief had been delivered to opposing counsel, was not complied with in the Court of Appeals on the application for rehearing.

2. Criminal law ⬅1133 — Want of certificate that copy of brief had been delivered to opposing counsel on application for rehearing, as required by court rule, defeats application.

An application for a rehearing in the Court of Appeals, accompanied by a brief, but containing no certificate of counsel that a copy of such brief had been delivered to opposing counsel, was not a compliance with Court Practice Rule 38 (198 Ala. xiii, 77 South. vii).

Certiorari to Court of Appeals.

Petition by W. C. Shirey for certiorari to the Court of Appeals to review and revise the judgment of said court rendered on the appeal of W. C. Shirey v. State of Alabama, 90 South. 72. Writ denied.

Roderick Beddow and Ben F. Ray, both of Birmingham, for petitioner.

Counsel discuss the merits as insisted upon by them; but, in view of the opinion, it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., opposed.

The petition for certiorari should be dismissed, because violative of rules 38 and 42, Supreme Court Practice (198 Ala. xiii, xiv, 77 South. vii).

MILLER, J. The petition for certiorari in this case to the Court of Appeals was filed April 20, 1921.

The appellant, within 15 days after his case was affirmed by the Court of Appeals, made application for a rehearing. It was accompanied by a brief. It contained no certificate of counsel that a copy of such brief had been delivered to opposing counsel. This was necessary. Rule 38, 198 Ala. xiii, 77 South. vii. The record showed no copy of brief was delivered to opposing counsel within the 15 days. The Attorney General made motion to strike the application for rehearing on that ground.

It was granted by the Court of Appeals. In this there was no error. Rule 38 declares:

"No application shall be received or filed which is not presented in strict compliance with this rule."

Rule 42 (198 Ala. xiv, 77 South. vii) states:

"The court will not, in term time, nor will the justices thereof in vacation, receive or consider an application for writ of certiorari or other remedial writs or process, for the purpose of revising or reviewing any opinion or decision of the Court of Appeals, unless it appears upon the face of the application that an application had been made to said Court of Appeals for a rehearing of the point or decision complained of and that said application had been decided adversely to the movant. * * *"

[1] The petition for certiorari to the Court of Appeals under rule 42 (198 Ala. xiv, 77 South. vii) will be denied by this court when it affirmatively appears that rule 38 had not been complied with in the Court of Appeals before the petition was filed in this court. The application for rehearing must be filed in the Court of Appeals, and a copy of brief delivered to opposing counsel within the time required by the rule; and it must further appear that the Court of Appeals ruled adversely to the applicant on the point or decision complained of, before this court can receive or consider the petition for writ of certiorari.

[2] The application for rehearing in the Court of Appeals in this case did not comply with the rule. No copy of brief was delivered to opposing counsel, and no certificate thereof was made on the brief filed in that court. A motion to strike on that ground was granted by the Court of Appeals. The point or decision complained of in the application for rehearing was not legally passed on by that court. This court then cannot receive or consider this petition. Rules 38, 42 (198 Ala. xiii, xiv, 77 South. vii); Ex parte Fred Locklear, 205 Ala. 236, 87 South. 712; In re State ex rel. Atty. Gen., 185 Ala. 347, 64 South. 310.

Petition for writ of certiorari denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.