(93 South. 210)

## SHARPLEY v. STATE. (8 Div. 925.)

(Court of Appeals of Alabama. April 11, 1922. On Rehearing, May 16, 1922. Rehearing by State Dismissed June 30, 1922.)

**1. Homicide ⬯114—One killing adversary in difficulty willingly entered into cannot plead self-defense.**

Where a defendant enters into a difficulty willingly, and in the difficulty kills his adversary, he cannot invoke the doctrine of self-defense.

**2. Criminal law ⬯1088(11)—Charges not indorsed and signed by trial judge not part of record.**

Where charges in the transcript on appeal in a criminal case are not indorsed by the trial judge and signed by him, as required by Acts 1915, p. 815, they are not part of the record, and cannot be considered on appeal.

**3. Homicide ⬯331—No error to try defendant in absence of two eyewitnesses, where discretion not abused.**

Where, in a homicide case, it does not appear that the trial court abused his discretion in requiring defendant to go to trial in absence of two eyewitnesses, the court will not therefor be put in error.

### On Rehearing.

**4. Criminal law ⬯761(13)—Instruction as to self-defense held erroneous, as invading province of jury.**

In a prosecution for murder, an instruction that, if defendant entered into the fight willingly, he could not invoke the doctrine of self-defense, and should be convicted, *held* erroneous, as invading the province of the jury, by taking from them the right to pass on defendant's innocence or guilt, based on the consideration of all the evidence.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Edgar Sharpley was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

Sample & Kilpatrick, of Hartsells, for appellant.

The court erred in giving the charge requested by the state. 110 Ala. 48, 20 South. 468; 121 Ala. 24, 25 South. 689. Counsel discuss the charges refused to the defendant, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

On rehearing, counsel insist that there was no error committed in giving the charge as requested by the state. 152 Ala. 38, 44 South. 619; 126 Ala. 21, 28 South. 595.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAMFORD, J. [1] The evidence in this case without conflict shows that the homicide was committed in a sudden rencountre. Under the evidence, if the defendant could not legally invoke the doctrine of self-defense, the facts, if believed beyond a reasonable doubt, entitled the state to a verdict of conviction. There is no rule of law better settled in this state than, where a defendant enters into a difficulty willingly and in the difficulty kills his adversary, he cannot invoke the doctrine of self-defense. George v. State, 145 Ala. 41, 40 South. 961, 117 Am. St. Rep. 17; 8 Michie's Digest, p. 363, § 254.

[2] The charges appearing in the transcript are not numbered, and therefore are not treated separately, but none of them are indorsed by the trial judge and signed by him, as is required by Acts 1915, p. 815, in order that they may become a part of the record. Not being so indorsed, and therefore not a part of the record, they cannot be considered. Wimberly v. State, 204 Ala. 629, 86 South. 900; Mason v. State, 16 Ala. App. 405, 78 South. 321.

[3] The trial court will not be put in error for requiring defendant to go to trial in the absence of two eyewitnesses, where it is not made to appear that the trial court abused his discretion, which does not appear here.

We have carefully examined the rulings of the court upon the admission of testimony, and find that such rulings were free from error, and the exceptions reserved are without merit.

We find no error in the record, and the judgment is affirmed. Affirmed.

## On Rehearing.

On motion of appellant, supported by sufficient proof, a corrected transcript, duly certified by the clerk of the circuit court, is ordered filed.

[4] From the transcript as now filed it appears that the trial court at the instance of the state gave this charge:

"I charge you, gentlemen of the jury, that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant entered into the fight willingly, then he cannot invoke the doctrine of self-defense, and it would be your duty to convict him."

This charge invades the province of the jury, and takes away from them the right to pass upon the guilt or innocence vel non of the defendant, based upon a consideration of all the evidence. This court renews the admonition as announced in Scott v. State, 110 Ala. 48, 20 South. 468, and Taylor v. State, 121 Ala. 24, 25 South. 689, with reference to the giving of the affirmative charge for the state.

Corrected transcript ordered filed. Opinion modified. Rehearing granted. Judgment of affirmance set aside. Reversed and remanded.

## On State's Application for Rehearing.

On the original submission of this cause the state did not file a brief. In Ex parte Tom Caraway the following inquiry was propounded to the Supreme Court:

"Ex parte Tom Caraway—Inquiry to Supreme Court.

"To the Chief Justice and Associate Justices of the Supreme Court—Greeting:

"Tom Caraway was convicted of crime in the circuit court of Dale county. From that judgment he appeals, and upon a consideration of the cause as presented by the record this court rendered a judgment reversing and remanding the cause. No brief was filed by the state on the original submission, but after judgment of reversal had been rendered, the Attorney General, for and on behalf of the state and within 15 days from the date thereof, filed an application for rehearing, accompanied by a brief, containing a certificate of service upon defendant.

"Under section 6264 of the Code of 1907, and amendatory statutes, on appeal in criminal cases no assignment of error or joinder in error is necessary, but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. When the appellate court has so considered a record in a criminal case, and rendered judgment, it has performed its duty and given to the parties every right to which they are entitled under the Constitution and statutes. But for the statute above referred to all appeals in criminal cases would come under the rule requiring assignments of error and filing of briefs.

"Applications for rehearings are entirely different. These are allowed by the courts, while the judgments rendered are still in the breast of the court and may be recalled ex mero motu, or upon application by the parties, under such rules as are prescribed by the courts, and when a criminal cause has passed that stage, where its consideration is controlled by statute, it comes under the influence and is governed by the court's rules. When these rules are to be limited in application, it is so provided, as in rules 45 and 44 (61 South. viii, ix [1]), and where no such limitation has been made, and in absence of statute preventing it, such rules apply in all appeal cases.

"Rule 38 (77 South. vii) provides, among other things, that 'no appellee can, as matter of right, apply for a rehearing unless brief was filed with the clerk upon the original hearing within 15 days after submission of the cause containing a certificate that a copy of the same was served within said time upon counsel for appellant.' This rule contains no limitation as to application, and in Ex parte Shirey, 206 Ala. 167, 90 South. 75, was held to apply in criminal cases as against a defendant.

"Query—Does that part of rule 38 above quoted apply to the state in a criminal case?

"The question is certified under section 2, Acts of Legislature, p. 96."

---

[1] 175 Ala. xx, xxi.

To which the court replied:

"Per Curiam. The court is of opinion that rule 38 (198 Ala. xiii, 77 South. vii) obtains in criminal as in civil cases; but the court notes that the rule provides in effect that it need not be applied in any case in which the ends of justice may appear to require further consideration.

"All the Justices concur, except Gardner, J., dissenting.

"Let this opinion be certified to the Court of Appeals."

It appearing that the ends of justice do not require a further consideration, the application is dismissed.

Application dismissed.