(93 South. 376)

CARAWAY v. STATE. (4 Div. 765.)

(Court of Appeals of Alabama. April 11, 1922. On Rehearing, May 30, 1922. In Supreme Court May 25, 1922.)

1. **Criminal law ⚌572—Evidence of alibi must be strong enough to reasonably satisfy the jury that defendant was elsewhere at time of crime.**

Evidence as to an alibi must be strong and cogent enough to reasonably satisfy the jury, when considered with the other evidence, that defendant was elsewhere, and could not have committed the crime; hence an instruction that, if after considering all the evidence there is a reasonable doubt as to the defense of alibi and as to whether the proof makes good that defense, defendant must be acquitted, was properly refused.

2. **Criminal law ⚌782(15)—Instruction on alibi held erroneous.**

An instruction that it is not essential to the proof of an alibi that it should cover and account for the whole of the time of the transaction in question, but so much of it as to render it impossible that defendant could have committed the act, was properly refused, as it would lead the jury into believing that an acquittal might be predicated solely upon proof

of an alibi, which would not be sufficient to generate a reasonable doubt.

3. **Criminal law ⚌778(8)—Refusal to give instruction that burden of proof never shifts from state held error.**

The refusal to give an instruction that the burden of proof does not shift from the state, notwithstanding the defense of alibi, to satisfy the jury beyond a reasonable doubt that defendant is guilty, and if after consideration of all the evidence there is a reasonable doubt of defendant's guilt, he should be acquitted, was error.

4. **Criminal law ⚌782(15)—Instruction that defendant should be acquitted though alibi is not fully proven, held erroneous.**

An instruction that if evidence offered in support of alibi raises a reasonable doubt as to defendant's guilt he should be acquitted, though the alibi has not been fully proven, was properly refused, as predicating an acquittal solely upon a consideration of the evidence relating to the alibi.

On Rehearing.

5. **Criminal law ⚌1133—Petition for rehearing dismissed, where no brief was filed upon original hearing.**

Where the Attorney General failed to comply with Supreme Court rule 38 (83 South. vi) by filing a brief with the clerk upon the original hearing, within 15 days after submission of the cause containing a certificate that a copy of the brief was served within said time upon appellant, his petition for rehearing will be dismissed.

In Supreme Court.

6. **Criminal law ⚌1133—Rule providing that appellee cannot apply for rehearing unless brief was filed in original hearing applies in criminal cases.**

Rule 38 (198 Ala. xiii, 83 South. vi), providing that appellee cannot apply for a rehearing unless brief was filed with the clerk upon the original hearing within 15 days after submission of the cause, applies in criminal as in civil cases, but the rule need not be applied in any case in which the ends of justice may appear to require further consideration.

Gardner, J., dissenting.

Appeal from Circuit Court, Dale County; J. S. Williams, Judge.

Tom Caraway was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

H. L. Martin and Sollie & Sollie, all of Ozark, for appellant.

The court erred in refusing the charges requested. 69 Ala. 242, 44 Am. Rep. 515; 68 Ala. 426; 107 Ala. 61, 63, 17 South. 941; 94 Ala. 76, 10 South. 426; 15 Ala. App. 595, 74 South. 725; 144 Ala. 50, 40 South. 113.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Brief of counsel on original submission did not reach the Reporter, but on application they insist that charge 3 is a bad charge, and that the court erred in reversing the case because of the refusal to give such said charge. 14 Ala. 54; 126 Ala. 30, 28 South. 595; 107 Ala. 40, 19 South. 37.

SAMFORD, J. The evidence for the state, if believed beyond a reasonable doubt, was sufficient to sustain the verdict, and the rulings of the court on the admissibility of the testimony were in each instance without prejudicial error.

The defense was that of an alibi and the testimony offered in behalf of defendant tended to establish his contention. Based upon this testimony the defendant requested the following written charges, insisted upon here:

No. 1. "If upon all the evidence the jury have a reasonable doubt as to the defense of an alibi in this case, and as to whether or not the proof in this case makes good that defense, then the defendant must be acquitted."

No. 2. "It is not essential to the proof of an alibi that it should cover and account for the whole of the time of the transaction in question, or so much of it as to render it impossible that the defendant could have committed the imputed act."

No. 3. "At no time under the pleadings in this case does the burden shift from the state, notwithstanding the defense of an alibi, to satisfy the jury from the evidence beyond a reasonable doubt that the defendant is guilty; and, if upon all the evidence the jury have a reasonable doubt of the defendant's guilt, they must acquit him."

No. 4. "The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and if by reason of the evidence in relation to such alibi the jury entertain reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven."

[1] Charge 1 does not state the correct rule relative to an alibi. The burden is on the state to convince the jury by the evidence, beyond a reasonable doubt that the defendant is guilty as charged, and this burden is never discharged until after a consideration of the whole evidence, including the evidence offered as to an alibi, and the jury is so convinced. In order for the evidence as to an alibi to be sufficient in law to generate in the minds of the jury a reasonable doubt of defendant's guilt, it must be strong and cogent enough to reasonably satisfy the jury, when taken and considered with all the other evidence, that the defendant was at some other place and could not have committed the act charged.

[2] The converse of the proposition asserted in charge No. 2 was held to be error when asked by the state. Albritton v. State, 94 Ala. 76, 10 South. 426; Beavers v. State,

103 Ala. 36, 15 South. 616. The rule as announced in the foregoing cases was so declared because the charges as there presented required too high a degree of proof, but when the charge as here written is requested by the defendant, it is calculated to mislead the jury into the erroneous belief that an acquittal might be predicated solely upon proof of an alibi which would not be sufficient, when taken and considered with the whole evidence, to generate a reasonable doubt.

[3] Charge 3 asserts a correct proposition of law, and, not having been substantially given by the court in other charges requested or in the oral charge, its refusal was error.

[4] Charge 4 we think is a bad charge, in that an acquittal is predicated solely upon a consideration of the evidence relative to the establishment of an alibi, which according to our decisions may not be done. McClain v. State, 182 Ala. 67, 62 South. 241, which in effect overrules Hatch v. State, 144 Ala. 50, 40 South. 113, and the later citation of Hatch's Case in Hardley v. State, 202 Ala. 24, 79 South. 362, is evidently a typographical error.

For the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.

### On Rehearing.

The Attorney General in his brief filed on rehearing seems to have entirely misconceived the import of charge 3. The charge does not undertake to define the defense of alibi, which in law is a traverse of the material averments in the indictment that the defendant did or participated in the particular act charged, and is comprehended in the general plea of "Not guilty." Albritton v. State, 94 Ala. 76, 10 South. 426. But the charge is upon the burden of proof, which in a criminal case never changes from the state, to establish the guilt of the defendant, from the evidence, beyond a reasonable doubt.

[5] Rule 38 of the Supreme Court as amended (198 Ala. xiii, 83 South. vi) has been held to apply in criminal cases (Ex parte Shirey, 206 Ala. 167, 90 South. 75).

That rule provides:

"No appellee can, as matter of right, apply for a rehearing unless brief was filed with the clerk upon the original hearing within fifteen days after submission of the cause containing a certificate that a copy of same was served within said time upon counsel for appellant."

This, of course, is a good and reasonable rule for the protection both of the courts and the opposite party. In this case the rule was not complied with, and for that reason the application for rehearing is dismissed.

Application dismissed.

Certified Question from Court of Appeals.

Tom Caraway was convicted in the circuit court of Dale county, and appealed to the Court of Appeals. That court reversed the judgment of conviction, and remanded the cause for a retrial. No brief was filed in behalf of the State on the original submission, but after reversal the Attorney General filed an application for rehearing, whereupon the Court of Appeals certifies to the Supreme Court the inquiry whether Supreme Court rule 38 (198 Ala. xiii, 83 South. vi) should be construed as concluding against the State in the premises. Question answered in the affirmative.

#### Response to Inquiry Certified by the Court of Appeals.

The Court of Appeals, under Acts 1911, page 96, propounds to the Supreme Court the following inquiry:

"Rule 38 [198 Ala. xiii, 83 South. vi] provides, among other things, that: 'No appellee can, as a matter of right, apply for a rehearing unless brief was filed with the clerk upon the original hearing within 15 days after submission of the cause containing a certificate that a copy of the same was served within said time upon counsel for appellant.' This rule contains no limitation as to application, and in Ex parte Shirey [206 Ala. 167], 90 South. 75, was held to apply in criminal cases as against defendant.

"Query: Does that part of rule 38 above quoted apply to the state in a criminal case?"

PER CURIAM. The court is of the opinion that rule 38 (198 Ala. xiii, 83 South. vi) obtains in criminal as in civil cases; but the court notes that the rule provides in effect that it need not be applied in any case in which the ends of justice may appear to require further consideration.

All the Justices concur, except GARDNER, J., dissenting.

Let this opinion be certified to the Court of Appeals.