(93 South. 824)

### Ex parte COOKE.

### COOKE v. STATE.

### (7 Div. 314.)

(Supreme Court of Alabama. June 8, 1922. Rehearing Denied June 30, 1922.)

**Criminal law ☞1014—Defendant entitled to present second petition for certiorari, where first petition was withdrawn and case restored to appellate court rehearing docket.**

Where defendant's petition for certiorari to review a judgment of the appellate court affirming his conviction and denying a rehearing was withdrawn, and his application for rehearing was restored to the appellate court's rehearing docket and subsequently overruled, the status of the case as to rehearing and adverse

ruling thereon was restored, which entitled defendant to present a second petition for certiorari under Supreme Court rule 42 (198 Ala. xiv, 77 South. vii).

Certiorari to Court of Appeals.

Petition of William P. Cooke for certiorari to the Court of Appeals to review and revise the judgment and decision of said court in the case of William Cooke v. State of Alabama, 18 Ala. App. 416, 93 South. 86. Writ denied.

John W. Altman, Jerone Edmundson, and Joel B. Brown, all of Birmingham, for petitioner.

The Court of Appeals was in error in holding as inadmissible evidence of threats made by the deceased. 159 Ala. 53, 48 South. 690; 97 Miss. 304, 52 South. 630; 115 Miss. 678, 76 South. 625. The Court of Appeals was in error in holding that the trial court was correct in refusing the charges requested by defendant. 71 Ala. 351; 162 U. S. 466, 16 Sup. Ct. 859, 40 L. Ed. 1039; 47 Ala. 603, 11 Am. Rep. 771.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The petition for certiorari should be dismissed, under Supreme Court rule 44. Ex parte Shirey, 206 Ala. 167, 90 South. 75.

McCLELLAN, J. As will appear this is the second petition in this case. The Court of Appeals affirmed the judgment of petitioner's conviction on June 21, 1921, 93 South. 86; [1] and overruled application for rehearing on November 15, 1921. Petition (the first) for certiorari to the Court of Appeals was denied. The petitioner thereupon filed an application for rehearing of the Supreme Court's denial of his petition for certiorari. Pending that application for rehearing the judgment on the petition for certiorari and the submission on petition for certiorari were set aside, the proceeding restored to the docket of the Supreme Court, the petition for certiorari withdrawn, and the Court of Appeals restored the cause to the status of a rehearing on its rehearing docket. On March 7, 1922, the Court of Appeals again overruled the application for rehearing without other opinion deliverance than that considered on the first petition for certiorari. The entire elimination from the jurisdiction of the Supreme Court of the proceeding instituted by the first petition for certiorari and the perfected restoration of the appellant's (there) application for rehearing to that court's rehearing docket and the subsequent act of the Court of Appeals in overruling the application for rehearing re-established the status, as to rehearing and adverse ruling thereon, which under Supreme Court rule 42 (198 Ala. xiv, 77 South. vii) entitled pe-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 18 Ala. App. 416.

titioner to present his present (second) petition for certiorari; the activities of this court and of the Court of Appeals effecting to restore the matter to an original status in respect of petitioner's right seasonably (after the last ruling by the Court of Appeals) to apply here for certiorari to the Court of Appeals. Accordingly, the motion of the state to strike the present petition is overruled. The case of Ex parte Shirey, 206 Ala. 167, 90 South. 75, involved materially different considerations, and hence is without bearing here.

Upon reconsideration of the matters complained of, this court remains convinced that error in the treatment of petitioner's appeal by the Court of Appeals cannot be affirmed by this court. The petition for certiorari is denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.