## HILL v. STATE. (5 Div. 438.)

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Denied April 8, 1924.)

Criminal law ⬤=351(3)—Circumstantial evidence as to defendant's flight and articles discarded by him held competent.

In prosecution for possession of prohibited liquors, evidence that defendant, when ordered by officer to halt, speeded up car, and was caught only after chase of several miles, and as to articles found in car and along road after defendant's flight, *held* competent.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Bud Hill was convicted of having in his possession prohibited liquors, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Hill, 100 South. 315.

Jas. W. Strother, of Dadeville, for appellant.

The evidence in this case was insufficient upon which to base a conviction. Adams v. State, 18 Ala. App. 143, 90 South. 42; Jones v. State, 18 Ala. App. 116, 90 South. 135; Hill v. State, 19 Ala. App. 483, 98 South. 317.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The evidence in this case is entirely circumstantial. As circumstances tending to prove the guilt of defendant and connecting him with the liquor, it was relevant and competent to prove that defendant was traveling in a Ford car; that when he was told by the officer to halt he "swerved around the officer" and speeded up the car; that the officer pursued the car; that the

officer caught defendant in the car after a chase of about seven miles near a cemetery; that the defendant "was drinking": that at that time the officer smelled whisky on defendant and in the car; that under the front cushion · of the car there were cobs broken up about an inch and one-half long; that defendant was running the car as fast as it would go; that shortly after the arrest the officer went back to where he first saw defendant and picked up a Coca-Cola bottle and a pint bottle; that in the pint bottle there was a little corn whisky; that these bottles were in the edge of the road where defendant had passed; that it was about one hour from the time defendant had passed; that further down the road where defendant had passed the officer found a board carton with excelsior in it; that it had on the carton the name of a man who lived near defendant; that this was about 9 p. m.; that the next morning about daylight the officer examined the road where defendant had been along the night before; that there was no other sign of travel except the car of defendant; that on the route taken by defendant's car the night before the officer found a quart bottle of whisky "hung up in a thick briar patch," which had a cob stopper; that just a little below this on the edge of the same road he found a quart bottle broken, and near it a cob stopper that fitted the 'bottle; that another quart bottle was found on the road, thrown right on the bank on the right side, with a cob stopper; that the whisky was what is known as corn whisky; that the officer was familiar with and knew the smell of corn whisky; that the car smelled of corn whisky. Many questions bringing out the foregoing evidence were objected to, motions were made to exclude the answers, and exceptions were reserved. The case made by the state to establish the guilt of defendant was entirely circumstantial, and the foregoing were all admissible as circumstances tending to connect the defendant with the offense charged. The court did not err in any of its rulings.

We find no error in the record, and the judgment is affirmed.

Affirmed.