## PRICE v. STATE. (6 Div. 223.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

1. **Criminal law** ⚖=1168(1)—Errors in rulings on evidence, not injuriously affecting substantial rights, held not ground for reversal.

Assumed errors in the rulings on the admission of evidence, which did not injuriously affect the substantial rights of accused, *held* not ground for reversal.

2. **Intoxicating liquors** ⚖=238(2)—Whether accused was present at, and in possession of, and operating still held for jury.

Where, in prosecution for possessing still, in which accused interposed an alibi, evidence was conflicting on issue of accused's presence at, and possession and operation of, still, material inquiry of fact was presented, which it was sole prerogative of jury to decide.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⚷713—Argument of solicitor held not ground for reversal.**

Argument of solicitor to jury *held* not ground for reversal, in view of trial court's large discretionary power with respect to such matters.

**4. Criminal law ⚷719(1)—Argument of solicitor held not violative of rule against statements of fact not supported by evidence.**

Argument of solicitor to jury *held* not violative of general rule, which prohibits, as not constituting fair and legitimate discussion, a statement made as of fact, unsupported by any evidence and pertinent to the issue, or the natural tendency of which is to influence improperly finding of jury.

**5. Criminal law ⚷829(1)—Refusal to give requested written charge covered by given oral charge held not error.**

Refusal to give requested written charge, which was fairly and substantially covered by the given oral charge, *held* not error.

**6. Intoxicating liquors ⚷239(2)—Requested charge as to necessity of proof of purpose of possessing still held properly refused as abstract.**

Where, in prosecution for possessing still, in which accused denied all connection as to possession, uncontradicted evidence showed that whoever had possession of still actually distilled or manufactured whisky, accused's requested charge that state must prove that he had possession of still to make prohibited liquors, *held* properly refused as being abstract.

**7. Criminal law ⚷778(8)—Refused charge, that defense of alibi did not shift state's burden of proof, held unobjectionable.**

Refused requested charge that burden of proof did not shift from state, notwithstanding defense of alibi, to satisfy jury from evidence beyond reasonable doubt that accused is guilty, and that jury must acquit, if on all the evidence they had reasonable doubt, *held* unobjectionable.

**8. Criminal law ⚷775(5)—Refusal to give charge as to effect of evidence of alibi, held error.**

Refusal to give charge that accused should be acquitted, if by reason of evidence in relation to alibi, when considered with all other evidence, jury should entertain reasonable doubt as to his guilt, notwithstanding jury might be unable to find alibi fully proved, *held* reversible error.

**9. Criminal law ⚷789(4)—Refusal to give requested charge defining sufficiency of evidence to convict held error.**

Refusal to give charge, that person charged with felony should not be convicted unless evidence excludes, to moral certainty, every reasonable conclusion but that of his guilt, and that circumstances, however strong, do not come up to full measure of proof required, if they can be reasonably reconciled with theory of defendant's innocence, *held* reversible error.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Levi Price was convicted of possessing a still, and appeals. Reversed and remanded.

In his argument to the jury the solicitor made these remarks, to which objection was made by the defendant:

"That you can go to the records of this county and see for yourselves what has been done with the Wilson Armstrong (a witness for defendant) Case; see what disposition has been made of it, or that you can ask me." '

"And guilty Levi run by like a fox. * * *"
"As the state insists."
"Gentlemen, I call upon you, as I started to say two or three times, and I have been interrupted here, in the name of every church and in the name of every moral institution, in the name of every woman and every little child in this county, and in the name of the state of Alabama, for you to enforce your laws against one of the worst evils that exists in your county, if you believe, gentlemen of the jury, this case has been made out."

These charges were refused to defendant:

"A. The court charges the jury that, as a matter of law, this defendant cannot be convicted under count 2 of the indictment unless the state, by its evidence, convinces the jury beyond a reasonable doubt that the defendant had a still in his possession, for the purpose of making prohibited liquors or beverages."

"2. At no time under the pleadings in this case does the burden of proof shift from the state, notwithstanding the defense of an alibi, to satisfy the jury from the evidence beyond a reasonable doubt that the defendant is guilty; and if, upon all the evidence, the jury have a reasonable doubt of the defendant's guilt, they must acquit him.

"3. The defendant sets up an alibi in this case, and the burden of proof is not changed when he undertakes to prove it, and, if by reason of the evidence in relation to such alibi, when considered with all other evidence, the jury entertain a reasonable doubt as to defendant's guilt, he should be acquitted, although you may not be able to find that the alibi has been fully proven."

"6. The court charges the jury that a person charged with a felony should not be convicted unless the evidence excludes, to a moral certainty, every reasonable conclusion but that of his guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires, if they can be reasonably reconciled with the theory that the defendant is innocent."

Russell & Johnson, of Oneonta, for appellant.

The remarks of the solicitor violated the rule of proper and legitimate argument. Cross v. State, 68 Ala. 476; Piano v. State, 161 Ala. 88, 49 South. 803; McAdory v. State, 62 Ala. 154; 4 Michie's Ala. Dig. 313; Beard v. State, 19 Ala. App. 102, 95 South. 333; Sykes v. State, 151 Ala. 80, 44 South. 398;

---

⚷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Simon v. State, 181 Ala. 90, 61 South. 801; Bailum v. State, 17 Ala. App. 679, 88 South. 200; Cassemus v. State, 16 Ala. App. 61, 75 South. 267; Thomas v. State, 18 Ala. App. 268, 90 South. 878; Hammock v. State, 7 Ala. App. 112, 61 South. 471; Gibson v. State, 193 Ala. 12, 69 South. 533; Stewart v. State, 18 Ala. App. 92, 89 South. 392. Charge A asserts a correct proposition of law, and should have been given. Welch v. State, 156 Ala. 112, 46 South. 856; Morris v. State, 18 Ala. App. 456, 93 South. 61; Acts 1919, p. 1086. Charges 2, 3, and 6 should have been given. Caraway v. State, 18 Ala. App. 547, 93 South. 376; Griffin v. State, 150 Ala. 49, 43 South. 197; Richardson v. State, 191 Ala. 21, 68 South. 57.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

The remarks of the solicitor were such as might be legitimately inferred from the evidence. King v. State, 19 Ala. App. 153, 96 South. 636; Jones v. State, 209 Ala. 655, 96 South. 867; Thomas v. State, 19 Ala. App. 187, 96 South. 182; Malloy v. State, 209 Ala. 219, 96 South. 57. Charge A was faulty. Stallworth v. State, 155 Ala. 14, 46 South. 518. Charges 2, 3, and 6 were covered.

BRICKEN, P. J. The indictment against this appellant, defendant in the court below, contained two counts. The verdict of the jury of guilty as charged in the second count operated as an acquittal of the defendant as to the charge contained in the first count of the indictment.

The second count, in proper form and substance, charged the defendant with unlawfully possessing a still, to be used for the purpose of manufacturing prohibited liquors or beverages, etc. The evidence is without conflict as to the fact that a complete still was found at the time and place testified to by each of the witnesses for the state, and that a *run* had just been made on said still. As to these facts the evidence is without controversy.

The controverted question is whether or not this defendant was in possession of said still. On this proposition the evidence was in direct and sharp conflict, presenting, therefore, a question of fact for the determination of the jury.

We note that, during the progress of this trial, more than 150 objections were interposed, and the 132 exceptions were reserved to the court's rulings upon the admission and exclusion of testimony. There were also numerous additional exceptions reserved to the rulings of the court, upon objections interposed by defendant to certain statements made by the solicitor in argument. Also numerous special written charges were refused to defendant.

[1, 2] To undertake a discussion of the exceptions in detail would result in a voluminous opinion and could serve no good purpose. We have given careful attentive consideration to each question presented by the exceptions to the court's rulings on the testimony, and have reached the conclusion that in none of these rulings has the substantial rights of the defendant been injuriously affected. The court's actions in this regard appear manifestly fair to defendant, and if any error appears it is not of sufficient import to effect a reversal of the judgment of conviction appealed from. There was direct evidence, as well as numerous circumstances testified to by the witnesses, tending to show that this defendant was present upon the occasion in question, and in possession of and operating the still. On the other hand, the defendant, as a defense to the accusation, insisted he was not present at the still, but was at that particular time several miles away, and in support of his alibi he offered several witnesses to sustain him in this contention, and his evidence and that of his numerous witnesses tended to show that he was not present at the time and place testified to by the state's witnesses. As stated, a material inquiry of fact was thus presented, and this, of course, was for the jury to determine; it being the sole prerogative of the jury to decide this important question.

[3, 4] As to the exceptions reserved, relative to the argument of the solicitor, we are not prepared to approve the utterances complained of, but we will not predicate reversible error thereon for the reason that matters of this character must of necessity rest largely within the sound discretion of the court. Moreover, the statements complained of cannot be said to be invasive of the general rule, which is, in order that a statement by counsel in argument may come within the general rule, which prescribes the limits of fair and legitimate discussion, the statement must be made as of fact, and the fact stated must be unsupported by any evidence in the case, must be pertinent to the issue, or its natural tendency must be to improperly influence the finding of the jury.

[5, 6] The first charge noted as refused to defendant is lettered charge A. We are of the opinion that the court was justified in the refusal of this charge, (1) because the proposition of law embodied therein was fairly and substantially covered by the court's oral charge, and, (2) because the charge was abstract for the reason that, under the undisputed evidence in this case, the question of the *purpose* of the possession of the still is not involved; it being without dispute that whoever did have possession of the still at the time designated actually made, distilled, or manufactured corn whisky thereon that night, which fact is certainly conclusive as to the purpose of the possession of the still, by whomsoever had the still in posses-

sion. Moreover, the defendant denied all connection as to the possession of the still, and therefore the purpose for which it was to be used.

[7] Refused charge 2 has been approved as stating a correct proposition of law. It is an exact copy of charge 3, in the case of Caraway v. State, 18 Ala. App. 547, 93 South. 376, approved by this court in an opinion by Samford, J. See, also, Albritton v. State, 94 Ala. 76, 10 South. 426.

[8] Charge 3, refused to defendant, being predicated upon a consideration of all the evidence, was a good charge, and its refusal was error. Caraway v. State, 18 Ala. App. 547, 93 South. 376. For the reasons stated, it differs from charge No. 4 in Caraway v. State, supra. Charge 4 was held to be bad in that case, for that an acquittal was predicated solely upon a consideration of the evidence relating to the establishment of an alibi, and not upon all the evidence adduced upon the trial.

[9] Refused charge 6 was applicable to the evidence in this case and should have been given. Bryant v. State, 116 Ala. 446, 23 South. 40; Prater v. State, 107 Ala. 27, 18 South. 238; Cannon v. State, 17 Ala. App. 82, 81 South. 860; McKenzie v. State (Ala. App.) 97 South. 155; [1] Bud Hill v. State, 19 Ala. App. 618, 100 South. 314; In re Bud Hill v. State, 211 Ala. 311, 100 South. 315.

Other charges refused to defendant appear to have been covered by the oral charge of the court, or by given charges. Such as were not so covered were properly refused, for not stating correct propositions of law.

Reversed and remanded.

