(118 So. 241)
## HAM v. STATE. (7 Div. 424.)

Court of Appeals of Alabama. June 30, 1928.

Rehearing Denied Aug. 7, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. This prosecution was for the violation of the Prohibition Laws. It was first begun in the county court, and upon the conviction of the defendant in that court he appealed to the circuit court and there tried by a jury upon a complaint filed by the solicitor, which was predicated upon the original affidavit and charged the same offense.

■ The conflicting evidence in this case presented simply a question of fact for the determination of the jury. None of the exceptions reserved to the rulings of the court upon the admission and rejection of evidence contains merit. It clearly appears that there was no prejudicial error in any of the rulings complained of, and that none of them resulted in injury to the defendant's substantial rights. A discussion of the innumerable exceptions will not be indulged. The questions involve only the simplest propositions of law. The state's evidence tended to show the guilt of the defendant as to the two jars (1 gallon) of whisky sold by defendant to state witness Terry, and for which Terry paid him $6. This evidence was sufficient to support the verdict of the jury and to sustain the judgment of conviction.

■ The manner or method resorted to by the law enforcement officers in securing the evidence given by them is immaterial, hence the exception to the oral charge on this question cannot be sustained. Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359; and cases cited; Caraway v. State, 18 Ala. App. 547, 93 So. 376.

■ Nor was there error in the excerpt of the oral charge relative to what constitutes possession of prohibited liquor, to which excerpt the defendant reserved an exception. Ex parte State ex rel. Atty. Gen., 210 Ala. 55, 97 So. 426.

■ No injury resulted to defendant as a result of the court's instructions in allowing the two jars and their contents, which had been introduced in evidence, to be taken into the jury room by the jury when they retired for deliberation, as it affirmatively appears "that within three minutes after the jury went out, after the instruction of the court, the court ordered the sheriff to go get the whisky and bring it back in the courtroom, which was done."

No reversible error appearing in any of the rulings of the court, and the record proper being without error, the judgment of conviction appealed from will stand affirmed.

Affirmed.